Leland AUSLENDER, individually and in his representative capacity of plaintiff's class, Plaintiff–Appellant,

v.

ENERGY MANAGEMENT CORPORATION; Energy Coal Corporation; Energy Coal Corporation of Colorado; Energy Equities, Inc.; Arthur J. Pasmas; James J. Volker; Edward M. Lee, Jr.; Lowell A. Hare; Robert L. Carson, Jr.; Merle E. Duensing; M & D Mining Company; B & B Haulers, Inc.; Milo D. Bryant; Gates Engineering Company; Prudential–Bache Securities, Inc.; Enoxy Coal, Inc.; and Energy Coal Income Partnership 1982–I, Defendants–Appellees.

No. 86–6014.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 17, 1987.

Decided Nov. 2, 1987.

Robert C. Lamar, argued, David W. Davenport, Lamar, Archer and Cofrin, Atlanta, Ga., David R. Irvin, Bulleit, Kinkead, Irvin, Rinehardt, Lexington, Ky., for plaintiff-appellant.

Ronald L. Green, argued, Lexington, Ky., for Gates Engineering.

William W. Allen, argued, Robert F. Houlihan, Jr., Stoll, Keenon & Park, Lexington, Ky., David C. Schwetschenau, argued, H. Thomas Coghill, Coghill & Goodspeed P.C., Denver, Colo., Paul E. Goodspeed, argued, for appellee, Energy Mgt. et al.

Before MARTIN, JONES, and WELLFORD, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Leland Auslender appeals the dismissal of his amended complaint alleging fraud and violations of sections 11 and 12(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k

and 77*l*(2), the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., its Section 10(b), 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. § 240.10b–5. Auslender does not appeal the court's denial of class certification, and that issue is not addressed here. In addition, the three defendants not served by Auslender are not covered by this opinion.

The district court found that as to Counts I and II of his complaint, Auslender had failed to sufficiently plead compliance with the applicable one-year statute of limitations. As for Counts III and IV, the court found he had failed to allege facts and circumstances underlying fraud with the specificity required by Fed.R.Civ.P. 9(b). Specifically, defendant Prudential–Bache moved to dismiss for failure to adequately allege scienter. The district court dismissed the entire complaint as to all defendants.

We have reviewed the record and conclude that Counts I and II of the complaint were properly dismissed. As to Counts III and IV, however, we believe the district court erred in its dismissal. We therefore reverse in part and order that Counts III and IV of the complaint be reinstated against all properly-served defendants.

This case stems from the 1982 investment of several hundred people in a limited partnership formed by Energy Management Corporation for the purpose of raising funds to mine coal in West Virginia. The investment resulted in a loss of roughly $16,500,000 for the entire group and $16,000 for Auslender individually.

At the bottom of this lies the fact that a 1981 partnership involving the same participants also had disastrous financial results, losing over one quarter of its total capitalization within six months after closing the public offering. That partnership filed for Chapter 11 bankruptcy protection in April of 1983. The second partnership was allegedly formed to avoid losing the investment Energy Management had already made in the mining operations.

Other defendants involved here include: Energy Coal Corporation, a subsidiary of Energy Management which acted as general partner in the limited partnerships; Enoxy Coal, Inc., a joint venture of a number of companies including Island Creek Coal Company which owned the Holden mine in West Virginia and the Pevler Complex in Kentucky; Prudential–Bache Securities, Inc., (successor to Bache Halsey Stuart Shields, Inc., which had sold thirty-seven percent of the units of the 1981 partnership); M & D Mining Co., with which Energy Management entered into an option agreement to acquire its assets, leases, and rights to possession and rental of equipment owned by Enoxy; and Gates Engineering Co. which performed an engineering study into the potentials of the 1982 partnership properties.

The stated purposes of the 1982 public offering were to acquire certain assets of M & D and to mine and produce coal at Holden Mine No. 25 for delivery to Enoxy under a purportedly "fixed" contract at pre-determined prices, thereby creating revenues with which to make quarterly distributions to the limited partners, of which twenty-five percent were to be sheltered from income taxes.

Enoxy, M & D and Gates all furnished information which became part of the registration statement received by the 1982 partnership investors. This statement and the prospectus contained language which emphasized Energy Management's experience, expertise and superior qualifications in the coal industry and stressed the importance of these qualities to the success of the investment. They also implied the successful status of the 1981 partnership. Auslender alleges that these representations were made at a time when Energy Management, its subsidiaries, and Enoxy were fully aware that the 1981 partnership operations had been financially disastrous. Auslender also alleges that both Bache and Gates were or should have been aware of these facts.

From its outset, Auslender alleges, the 1982 partnership mining operations suffered operating shortfalls, and on or about January 31, 1983, the operations at Holden Mine No. 25 were terminated. They had not yet resumed at the time the amended

complaint was filed. Auslender alleges, however, that he and the other investors did not learn of the true financial difficulties until they received the May 1, 1984, newsletter which mentioned the possibility of Chapter 11 proceedings if a note were not renegotiated.

Despite renegotiation of the note, the operations at the mine never resumed, and the sixteen and a half million dollar investment was a virtual loss.

Auslender commenced this action on April 26, 1985, (within three years of the registration date but not within one year). The district court dismissed all counts with prejudice against all parties on August 26, 1986.

This appeal turns only on the pleadings in the case and not on its merits. We find any further discussion of the facts therefore unnecessary.

As stated above, we believe the district court properly dismissed Counts I and II of Auslender's first amended complaint. Section 13 of the 1933 Act, 15 U.S.C. § 77m, provides that actions shall be brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence. In no event may an action be maintained more than three years after the public offering or sale.

■ Here, the registration statement and prospectus became effective on April 29, 1982, and the complaint was filed April 26, 1985—less than three years but more than one year after the untrue statements were made. Thus, the burden is on Auslender to plead circumstances which would indicate why the alleged fraud was not discovered earlier and which would indicate why the statute should be tolled. Analagous case law indicates these facts must be pleaded affirmatively. *See, e.g., Campbell v. Upjohn Co.*, 676 F.2d 1122, 1127 (6th Cir.1982); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975). Auslender has failed to make any allegations which might explain his delay in filing a complaint. He only alleges at paragraph 52 that assurances on the part of the

coal corporation of a bright outlook despite temporary shortfalls lulled him and other investors into a false sense of security. But, surely, the closing of the mine put him on notice of serious difficulties. He gives no explanation of his failure to investigate, and we find these pleadings inadequate to show tolling is proper. We therefore affirm the district court's dismissal of Counts I and II.

We do believe, however, that the district court was overzealous in its dismissal of Counts III and IV. It is true that the rules of pleading in a securities fraud case differ from the extremely liberal rules applied in most cases under Fed.R.Civ.P. 8. That rule simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 9(b), on the other hand, requires that the circumstances constituting the alleged fraud be specifically averred, whereas malice, intent or knowledge may be averred generally. *See Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

■ A review of Auslender's first amended complaint indicates that the acts alleged are sufficient to satisfy the requirements of Rule 9(b), and the allegation of "recklessness" on the part of Prudential Bache is adequate to satisfy the scienter requirement of Rule 10b–5. *See Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017, 1023 (6th Cir.1979). Specifically, at paragraph 70(c), Auslender alleges that Prudential–Bache falsely represented that the 1981 partnership was "on target" and that this boded well for the 1982 partnership. While other allegations indicate high hopes on the part of the broker and other participants with regard to a speculative venture, this particular allegation indicates a broker's failure to investigate a verifiable fact. As for the other defendants, Auslender alleges that they all provided information which they knew would be included in a registration statement and prospectus on which they knew potential investors would rely. Thus, Auslender alleges, these defendants are all liable as aiders and abetters. In addition, where the defendants are insiders or affiliates participating in the offer of the securities in question, no spe-

cific connection between fraudulent representations in the offering memoranda and a particular defendant is necessary. *Luce v. Edelstein,* 802 F.2d 49, 55 (2d Cir.1986).

As for "scienter," it is clear that to state a claim under Section 10(b) of the 1934 Act, a complaint must allege material misstatements or omissions indicating an intent to deceive or defraud. *Ernst and Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). Mere mismanagement or inaccurate predictions are not enough. *See Luce,* 802 F.2d 49, 55. Here, however, Auslender alleges that the defendants participated in making statements which they knew (or were reckless in not knowing) were false when made.

Although more specificity would have been preferable, we recognize that Auslender has completed no discovery in this case. Thus, we find his pleadings as to Counts III and IV to be adequate under the requirements of *Luce,* 802 F.2d 49, and *Ingram Industries, Inc. v. Nowicki,* 502 F.Supp. 1060 (E.D.Ky.1980).

We therefore reverse the district court as to Counts III and IV and remand this matter for further findings.