Roger GUPTA, et al., Plaintiffs,

v.

TERRA NITROGEN CORP.,
et al., Defendants.

No. 5:97–CV–3353.

United States District Court,
N.D. Ohio,
Eastern Division.

July 7, 1998.

Roger Gupta, Munroe Falls, OH, pro se.

Kanta Gupta, Munroe Falls, OH, pro se.

Robert A. Wolff, Janette McCarthy Louard, Robert M. Wolff, Duvin, Cahn & Hutton, Cleveland, OH, Lynne M. Fischman Uniman, Laurence Edward Wiseman, Andrews & Kurth, New York, NY, Susan Squire Box, Roetzel & Andress, Akron, OH, for Terra Nitrogen Corporation, Successors to Terra Nitrogen Co. L.P., Accutrade, Inc.

## OPINION AND ORDER

GWIN, District Judge.

On January 22, 1998, Defendant Terra Nitrogen Corporation filed a motion to dismiss Plaintiffs Roger and Kanta Gupta's complaint pursuant to Fed.R.Civ.P. 9(b) and Rule 12(b)(6) [Doc. 6].[1] In their complaint, pro se Plaintiffs Gupta sue Defendants Terra Nitrogen for securities fraud presumably under Rule 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, Rule 10b–5, and the 14th Amendment. Defendant Terra Nitrogen seeks to dismiss Plaintiffs Gupta's claims arguing the complaint fails to plead claims for securities fraud with particularity as required under Fed.R.Civ.P. 9(b) and the heightened pleading standards of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4 ("Reform Act"). In response, Plaintiffs Gupta contend they have pled pertinent facts to sufficiently support their fraud claims against Defendant Terra Nitrogen.

In ruling on Defendant Terra Nitrogen's motion to dismiss, the Court considers whether Plaintiffs Gupta's complaint sufficiently establishes federal diversity jurisdiction and whether they plead the fraud claims with particularity. The Court specifically evaluates the pleading standards under both Fed R. Civ. P. 9(b) and the Reform Act. For the reasons that follow, the Court grants Defendant Terra Nitrogen's motion to dismiss this cause for failure to sufficiently state a claim for relief.

### I

In considering a motion to dismiss, whether on grounds of lack jurisdiction over the subject matter or for failure to state a cause of action, the Court accepts all factual allegations as true and construes the allegations in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). See also *U.S. ex rel. McKenzie v. Bellsouth Telecommunications, Inc.*, 123 F.3d 935 (6th Cir.1997), *cert. denied*, ——U.S. ——, —— U.S. ——, 118 S.Ct. 855, 139 L.Ed.2d 755 (1998); *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). A court properly grants a motion to dismiss only if it appears that the plaintiff can prove no set of facts that would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Furthermore, when considering a motion to dismiss for lack of subject matter, courts may look beyond the jurisdictional allegations in the complaint and may consider whatever evidence the parties submit. *Fairport Intern. Exploration, Inc. v. Shipwrecked Vessel Known as the Captain Lawrence*, 105 F.3d 1078, 1081 (6th Cir.1997), *vacated on other grounds*, —— U.S. ——, 118 S.Ct. 1558, 140 L.Ed.2d 790 (1998).

Here, Plaintiffs Gupta bring this cause pro se. Although the above standards for dismissal still apply, it is well-settled that "pro se complaints and other documents, 'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings [and documents] drafted by lawyers,' and are to be liberally construed." *Perreault v. Hostetler*, 884 F.2d 267 (6th Cir.1989) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, this does not mean that pro se plaintiffs are "automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Accordingly, the "lenient treatment generally accorded to pro se litigants has limits." *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)).[2]

---

1. On March 19, 1998, the Court granted a motion by Co-defendant Accutrade, Inc. to compel binding arbitration. Accordingly, Defendant Terra Nitrogen remains the only defendant in this case. Plaintiffs Gupta's claims against De-

fendant Accutrade included relief for breach of fiduciary duty.

2. In *Jourdan v. Jabe*, 951 F.2d 108, 110, the Sixth Circuit Court of Appeals found no basis for treating a pro se litigant more generously than other

Applying these standards, the Court decides if it should dismiss this case.

## II

Near March 19, 1996, Plaintiffs Roger and Kanta Gupta purchased 1,000 shares of stock in the Terra Nitrogen Company, Limited Partnership. The Guptas bought these shares at a price of $40.00 per unit through Accutrade, Inc., a Nebraska-based brokerage that held the shares in trust for Plaintiffs Gupta. Defendant Terra Nitrogen is one of the largest manufacturers of nitrogen fertilizer products and agricultural chemicals in the United States.[3]

Defendant Terra Nitrogen offers two types of market securities to public investors: "senior preference units" and "common units." Both are forms of limited partnership interests that are publicly traded on the New York Stock Exchange. These interests are inherently different from traditional "common stock" of a publicly traded corporation.

Defendant Terra Nitrogen's senior preference units and common units are equity securities by which investors participate in periodic partnership cash distributions. Holders of both senior preference shares and common shares also participate in any asset distributions should the partnership liquidate or wind up. Senior preference units differ from common units in that holders of senior preference units receive a minimum quarterly distribution before Terra Nitrogen makes any distribution to holders of common units. Holders of senior preference units also have a right to voluntarily convert their shares into common units. Plaintiffs Gupta purchased senior preference units.

Near December 31, 1996, Defendant Terra Nitrogen mailed all holders of senior preference units a letter explaining their right to convert these units one-for-one into common units. The letter outlined that the right to covert and withdraw shares expired on March 31, 1997. A Conversion Statement also accompanied the letter. It detailed the process and reasons to be considered by investors when deciding whether to convert units. Investors electing not to convert their units by the March 31, 1997 deadline could after that only redeem their units at a price of $21.50 per unit.

Plaintiffs Gupta failed to convert their senior preference units to common units before March 31, 1997. The Guptas say they were unaware that they held "senior preference units." They now sue Defendant Terra Nitrogen to recover from an approximate 50% loss in share value.

Plaintiffs Gupta submitted a 26–paragraph complaint making claims against Defendant Terra Nitrogen. In it, the Guptas allege that Defendant Terra Nitrogen neglected or failed to give them timely notice of the conversion and the related deadline.[4] Plaintiffs Gupta also aver that Defendant Terra Nitrogen purposefully ignored conversion instructions and "quietly misappropriated the tendered shares to the benefit of its general partners." The Gutpas claim that Defendant Terra Nitrogen purposefully withheld information from investors in furtherance of a market manipulation and fraud scheme.

Considering these facts, the Court decides whether the complaint sufficiently states a claim for relief under applicable law such to survive dismissal.

## III

■ Defendant Terra Nitrogen first seeks dismissal on grounds that the complaint fails to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant Terra Nitrogen says the complaint does not reference the citizenship of the respective parties and fails to set forth an amount in controversy. 28 U.S.C. § 1332(a).

Upon review of the complaint, the Court finds the complaint contains sufficient statements regarding the Guptas' place of residence and Defendant Terra Nitrogen's place of business for purposes of diversity jurisdic-

---

litigants where the pro se litigant failed to comply with easily understood court deadlines.

**3.** Its products are sold and distributed principally throughout the Central and Southern Plains, and Cornbelt Regions of the United States.

**4.** As related, Plaintiffs Gupta allege that Defendants Terra Nitrogen failed to include in its Schedule K–1 any information pertaining to the conversion of senior preference shares.

tion. Paragraph one of the complaint states the Plaintiffs Gupta are retired U.S. citizens residing in Munroe Falls, Ohio. Paragraph two states that Defendant Terra Nitrogen Corporation is the successor to Terra Nitrogen Co., L.P., and is in the business of manufacturing agricultural chemicals in Iowa and Oklahoma. Construing the complaint leniently, the Court finds that Plaintiffs Gupta sufficiently establishes federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court also finds that Plaintiffs Gupta have properly set forth the requisite amount in controversy. In their prayer for relief, Plaintiffs Gupta allege damages in an amount exceeding $150,000.00. Plaintiffs Gupta further seek treble damages for mental anguish and distress, attorney fees, and costs. These statements satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a).

Having determined the Court has diversity jurisdiction here, we next decide whether the complaint sufficiently states a claim under Fed.R.Civ.P. 12(b)(6).

## IV

Defendant Terra Nitrogen next seeks to dismiss this case under Fed R. Civ. P 12(b)(6) because the Guptas' claims for securities fraud fail to satisfy the traditional pleading requirements of Fed.R.Civ.P. 9(b) or the heightened standards promulgated under the Private Securities Litigation Reform Act of 1995.

Defendant Terra Nitrogen contends that Plaintiffs Gupta fail to describe the alleged facts or false statements by Defendant Terra Nitrogen that damaged the Guptas as related to their purchase or sale of senior preference units. While the complaint describes several transactions and identifies certain persons who at some point had telephone discussions with Plaintiffs Gupta, Defendant Terra Nitrogen maintains that the complaint lacks the specificity required under applicable pleading rules. In response, Plaintiffs Gupta say that despite failing to comply with the "letters of the law," their complaint, at a minimum, meets the requirements of Fed.R.Civ.P. 9(b). Plaintiffs argue the complaint sets forth all pertinent facts showing how Defendant Terra Nitrogen misled them. The Court disagrees.

## A.

Federal Rule 9(b) is intended "to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 676 (2nd Cir.1991). See also *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124 (2nd Cir. 1994); *Ross v. Bolton,* 904 F.2d 819, 823 (2nd Cir.1990). In this regard, however, Rule 9 seeks to accommodate separate, and sometimes conflicting, interests.

On the one hand, there is the interest in deterring fraud in the securities markets and remedying it when it occurs. Such interest is served by recognizing that the victims of fraud are often unable to detail their allegations until they have had some opportunity to conduct discovery of those parties reasonably suspected of having perpetrated a fraud. Consistent with that interest, modern pleading rules usually permit a complaint to survive dismissal unless, in the familiar phrase, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

On the other hand, there is an interest in deterring the use of the litigation process as a device for extracting undeserved settlements as the price of avoiding the extensive discovery costs that frequently result once a complaint survives dismissal, though no recovery would occur if they litigated the suit to completion. *In re Time Warner Inc. Securities Litigation,* 9 F.3d 259 (2d Cir.1993), cert. denied, 511 U.S. 1017, 114 S.Ct. 1397, 128 L.Ed.2d 70 (1994).

For this purpose, courts require plaintiffs in fraudulent misrepresentation cases to allege facts that either show direct evidence or provide a strong inference of fraudulent intent. A party may show the requisite of establishing a "strong inference" of fraudulent intent either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that form strong circumstantial evidence of conscious misbehavior or reckless-

ness. See *Time Warner, Inc.*, 9 F.3d at 268–69. Of late, there may be some relaxation by courts of the requirement to plead "scienter." However, this "relaxation ... 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'" *O'Brien*, 936 F.2d at 676.[5]

 To satisfy the requirements of Rule 9(b), a complaint alleging fraud or misrepresentation, must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir.1995).[6] At a minimum, a plaintiff must allege the time, place and contents of the misrepresentation(s) upon which he relied. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984). Courts have freely dismissed complaints where the plaintiffs have failed to allege fraud with sufficient particularity, by, for example, asserting "mere conclusory allegations to the effect that defendant's conduct was fraudulent or in violation of Rule 10b–5," or that the defendant corporation's representations presented a "false, misleading, and inflated picture of assets, earnings, and business" without sufficient explanation about how or why such representations were false.[7]

In the instant case, Plaintiffs Gupta only generally allege that Defendant Terra Nitrogen misled them as to the nature and the risks of the securities the Guptas had purchased. Plaintiffs Gupta do not give facts detailing the time, place, or method of how Terra Nitrogen defrauded them. Plaintiffs Gupta also fail to set forth facts showing either direct evidence or a strong inference of fraudulent intent. Plaintiffs Gupta further do not set forth facts showing that Defendant Terra Nitrogen, through its agents, had both motive and opportunity to commit fraud.

In this regard, Plaintiffs Gupta's complaint fails to meet the traditional pleading standards for fraud under Rule 9(b). First, the complaint does not identify specific statements by Defendant Terra Nitrogen that are allegedly fraudulent. Second, the complaint fails to identify the specific actors or "speakers" responsible for making the alleged false or misleading statements. Third, Plaintiffs Gupta fail to detail when and where these alleged false statements were made. Most important, Plaintiffs Gupta do not explain how the alleged misstatements were fraudulent. Although they state general conclusions that the whole of Defendant Terra Nitrogen's actions caused them to suffer financial loss, Plaintiffs Gupta do not establish some sufficient causal link connecting specific illegal or misleading acts by Defendant Terra Nitrogen to the purchase or sale of the securities at issue.

### B.

 Besides alleging fraud and misrepresentation, Plaintiffs Gupta aver that Defendant Terra Nitrogen engaged in self-dealing and market manipulation by artificially inflating the price and value of its stock. When bringing a market manipulation claim,

5. Before the 1995 Reform Legislation, it was sufficient under Rule 9(b), that the circumstances encompassing the alleged fraud be specifically averred, whereas "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." *Auslender v. Energy Management Corp.*, 832 F.2d 354, 356 (6th Cir.1987) (citing Fed.R.Civ.P. 9(b)). Section 10b proscribes only knowing or intentional misconduct and does not prohibit negligent conduct. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The Sixth Circuit has held that while negligent conduct is not actionable, conduct that is reckless is. *Auslender*, 832 F.2d at 356. A party may allege scienter generally. *Id.* at 356.

6. Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1241 (2d ed.1990) (stating that to avoid dismissal, there "must be de-

tailed ... averments such as the time, the place, the identity of the parties involved, and the nature of the fraud").

7. Generally speaking, the details encompassing fraudulent conduct are more easily described in claims for fraudulent misrepresentation than in claims for manipulative schemes because the target is likely to be better able to recount the particular circumstances surrounding a given event or transaction, including the specific time, place, and actors involved. By contrast, because most securities manipulation claims arise out of longer-term schemes that are largely unknown to the investor, specific characteristics or details of the scheme remain undetected. Accordingly, specific details such as the time, place, and actors involved with the scheme are typically more difficult to discover or plead in manipulation cases.

Fed.R.Civ.P. 9(b) does not require a party to learn and subsequently plead the specific detail needed to make a fraud claim under the Reform Act. However, a party bringing a manipulation claim must still plead allegations of fraud with particularity. *In re Blech Securities Litigation*, 928 F.Supp. 1279, 1290–91 (S.D.N.Y.1996).

■ Considering Plaintiffs Gupta's allegations of market manipulation and self-dealing, the Court finds the complaint again only generally alleges fraud. For instance, Plaintiffs Gupta generally aver that "[a]ll said actions of Defendant Terra were intentionally and willfully designed to mislead even the most media ... to nationally advertise the artificially inflated and misleading yield of about 20 per cent [sic] on investment in Terra shares." Plaintiffs Gupta, however, do not set forth how or who at Defendant Terra Nitrogen accomplished the alleged manipulation scheme. The complaint also fails to plead facts showing that Terra Nitrogen representatives harbored the requisite intent to defraud investors.[8] Absent such details, Plaintiffs Gupta's claims for fraud and market manipulation fail under Fed.R.Civ.P. 9(b).

Plaintiffs Gupta's complaint suffers similar deficiencies when evaluated under the heightened pleading standards of Section 10(b) of the Securities Exchange Act of 1934 or the Reform Act of 1995.

### C.

Congress enacted the Securities Exchange Act of 1934 to protect interstate commerce and the national credit and to ensure a fair market for the trading of securities. Section 10(b) of the 1934 Act is the principle antifraud provision under the federal securities laws. This section expressly prohibits any person from "directly or indirectly" employing any "manipulative or deceptive device or contrivance" in either the exchange markets or the over-the-counter markets.[9] "Manipulation" under the Securities Exchange Act of 1934 refers generally to practices, such as wash sales, matched orders or rigged prices, intended to mislead investors by artificially affecting market activity. *Nash v. Farmers New World Life Ins. Co.*, 570 F.2d 558 (6th Cir.), *cert. denied*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978).

To establish a private claim for damages under Rule 10b–5, a litigant must prove the following: (1) the use of jurisdictional means (2) to carry out a deceptive or manipulative practice (with the requisite scienter), (3) in connection with (4) the purchase or sale (5) of a security (6) causing (7) damages. *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, (6th Cir.1990); *Wilsmann v. Upjohn Co.*, 775 F.2d 713, 719 (6th Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2893, 90 L.Ed.2d 980 (1986). When alleging a violation as outlined above, the complaining party must plead their claim with certain specificity.

Generally, parties alleging price or market manipulation are not held to the specificity required when bringing claims under 10(b) for actual fraud or fraudulent misrepresentation. This is evident when one compares the pleading standards of Fed.R.Civ.P. 9(b) with the requirements set forth by the Reform Act of 1995.

---

8. The Court is mindful that under Fed. R. Civ. P 9(b), a claimant is only required to aver malice, intent or knowledge generally when stating a claim for fraud. See discussion *infra* at 884–885.

9. Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b). Title 15, U.S.C. § 78j says, in pertinent part:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

 \* \* \* \* \* \*

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).

■ Section 78u–4 of Title 15, United States Code, provides in pertinent part:

(1) Misleading statements and omissions

In any private action arising under this chapter in which the plaintiff alleges that the defendant—

(A) made an untrue statement of a material fact; or

(B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

(2) Required state of mind

In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u–4(b)(1) and (2). Thus, the Reform Act suggests that a party alleging fraud due to misstatements of fact must "specify each statement" and describe "why the statement [was] misleading." [10] The provisions of the Reform Act are to be considered with Fed.R.Civ.P. 9(b). See *Havenick*

*v. Network Express, Inc.*, 981 F.Supp. 480, 523–24 (E.D.Mich.1997).[11]

Upon review of the complaint, the Court concludes that the complaint does not meet the heightened pleading standards applicable to cases alleging securities fraud. Specifically, Plaintiffs Gupta generally aver that Defendant Terra Nitrogen, through its agents, misrepresented the type of company stock purchased by the plaintiffs. The complaint also only generally avers that Defendants Terra Nitrogen failed to adequately reveal to Plaintiffs Gupta necessary details regarding redemption options for their stock.

Additionally, Plaintiffs Gupta fail to reference either the specific actors or the specific statements made by Defendant Terra Nitrogen that caused the Gupta's to be injured. See *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). The Guptas do not allege how or why Defendant Terra Nitrogen is responsible for the Guptas' lack of knowledge about the senior preference units they purchased through Accutrade, Inc. Instead, Plaintiffs Gupta posit conclusory statements that Defendant Terra Nitrogen failed to inform the Guptas that they had purchased "senior preference units" as compared to "ordinary shares." Plaintiffs Gupta argue this failure resulted in a subsequent loss when they failed to convert their senior preference shares to ordinary shares by a date certain.[12]

As related, Plaintiffs Gupta also only generally allege that Defendant Terra Nitrogen willfully and intentionally disseminated false and misleading documents including false or

**10.** By comparison, Rule 9 requires a lesser degree of particularity. It says, in pertinent part:

(b) Fraud, Mistake, Condition of the Mind.

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P 9(b).

**11.** In *Havenick,* the district court outlined nine cumulative factors required in order to properly state a claim for securities fraud under Fed. R. Civ. P 9(b) and the Reform Act. The court state that the complaint must allege the following: (1) the parties and the participants to the alleged fraud; (2) the time, place and content of the

representations; (3) each statement alleged to have been misleading; (4) the reason or reasons why the statement is misleading; (5) if an allegation is based upon information and belief, all facts upon which the belief is formed; (6) the fraudulent scheme; (7) the fraudulent intent of the defendants; (8) reliance on the fraud; and (9) the injury resulting form the fraud. *Id.* at 523–25; accord *Pilarczyk v. Morrison Knudsen Corp.,* 965 F.Supp. 311, 320 (N.D.N.Y.1997).

**12.** Plaintiffs Gupta argue that they sold their shares at approximately 50% of their value as a result of Defendant Terra Nitrogen's failure to properly notify the plaintiffs that their shares were "senior preference shares" that could be converted to ordinary shares before March 31, 1997.

886

misleading "statements of accounts" and "K–1's". The Guptas claim these documents did not instruct or give stockholders proper notice of the type of shares purchased or the downside consequences should investors elect not to convert their shares by the specified date.[13]

Upon review of the Conversion Statement mailed to investors by Defendant Terra Nitrogen near December 1996, the Court concludes that Terra Nitrogen took efforts to thoroughly describe conversion options and risks to senior preference unit investors. Specifically, the Conversion Statement provides that "[t]he conversion process described herein is expressly provided for in the Partnership Agreement and was disclosed in the initial public offering of SPUs in 1991." The Conversion Statement also includes § 5.5 of the Partnership Agreement detailing the conversion of senior preference units.[14] The redemption of "unconverted senior preference" units is also pursuant to the Partnership Agreement.

Furthermore, Plaintiffs Gupta make only conclusory statements that Defendant Terra Nitrogen intentionally engaged in activity to mislead the news media and investors nationally by artificially inflating stock dividends and earnings. Although not pled as such, Plaintiffs Gupta's claims can be equated to alleging that Terra Nitrogen engaged in self-dealing and a market manipulation scheme at the expense of an "unwary public." Here, Plaintiffs Gupta allege that near October 1994, Defendant Terra Nitrogen artificially inflated the market price of senior preference units. However, Plaintiffs Gupta fail to describe how Defendant Terra Nitrogen caused the price increase. Plaintiffs Gupta likewise fail to identify any particular statements by Defendant Terra Nitrogen that the Court could construe as misleading. Absent such detail, these claims fail to sufficiently detail fraud to satisfy the heightened standards of the Exchange Act or the Reform Act.

V

Besides making claims for fraud, the complaint suggests claims for breach of fiduciary duty and a claim arising under the 14th Amendment. The Court considers these claims and identifies the deficiencies of each as related to Defendant Terra Nitrogen.

First, Plaintiffs Gutpa's claim for breach of fiduciary duty as stated in the complaint is pled against Defendant Accutrade, Inc., not Defendant Terra Nitrogen. Because the Court's March 19, 1998 dismissed Accutrade from this action and compelled arbitration, Plaintiffs Gupta have failed to state a claim for breach of fiduciary duty against Defendant Terra Nitrogen. In this regard, the complaint fails under Fed.R.Civ.P. 12(b)(6).

Second, Plaintiffs Gupta make a very general claim alleging that Defendant Terra Nitrogen's wrongful acts violated or breached the due process clause of the 14th Amendment. However, a review of the complaint reveals that Plaintiffs Gupta fail to allege state action. To invoke the protection of the due process clause or equal protection clause of the 14th Amendment to the United States Constitution, a claimant must allege state action. Absent such reference, Plaintiffs Gupta's claim under the 14th Amendment likewise fails to state a claim for relief pursuant to Fed. R. Civ. 12(b)(6).

VI

After reviewing Plaintiffs Gupta's complaint and considering the Sixth Circuit's

13. Plaintiffs Gupta allege that Defendant Terra Nitrogen purposefully withheld information about Plaintiffs Gupta's securities in the partnership's Schedule K–1. The Court agrees with Defendant Terra Nitrogen's assertion that the Schedule K–1 was not intended or designed to provide Plaintiffs Gupta or other investors with individual account or notice information. The Schedule K–1 is a tax reporting form for the partnership and not an investor account statement.

14. The Conversion Statement quotes § 5.5(c) of the Partnership Agreement as follows:

For a 90–day period commencing on the date the General Partner mails notice to the Unitholders that the Senior Conversion Date has occurred, Unitholders will have the right to elect to convert their Senior Preference Units into Common Units, effective as of the Senior Conversion Date, on a one-for-one basis, subject to adjustment, by delivering a Conversion Notice to the General Partner; *provided, however,* that any Units as to which a Conversion Notice is not received during such 90–day period shall remain Senior Preference Units .... Conversion Statement at 13 (emphasis in original).

mandate to construe pro se pleadings liberally, the Court concludes that Plaintiffs Gupta's complaint fails to give Defendant Terra Nitrogen adequate notice of the specific allegations against it, as required by law. Accordingly, Plaintiffs Gupta's complaint is dismissed pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) for failure to sufficiently plead securities fraud or any other claim for relief.

IT IS SO ORDERED.