**M. Daniel CREIGHTON, Plaintiff,**

v.

**MODERN PORTFOLIO MGMNT., INC., Defendant.**

**No. 3:00CV7325.**

United States District Court,
N.D. Ohio,
Western Division.

Sept. 25, 2000.

Lee T. Silver, Silver & Van Essen, Grand Rapids, MI, for Plaintiff.

Byron S. Choka, Spengler & Nathanson, Toledo, OH, John P. Gustafson, Nathan & Roberts, Toledo, OH, Douglas W. Van Essen, Silver & Van Essen, Grand Rapids, MI, for Defendants.

## ORDER

CARR, District Judge.

This is a diversity case in which the plaintiff has moved to dismiss the defendants' counterclaim, or, in the alternative, for a more definite statement. (Doc. 12). In addition, defendants have moved to dismiss, or, in the alternative, to compel arbitration. (Doc. 14). For the reasons that follow, plaintiff's motion shall be overruled, and defendants' motion shall be granted in part and overruled in part.

Plaintiff claims that the fraud claims in defendants' counterclaim are not plead with the specificity required by Fed. R.Civ.P. 9(b). As a general rule, Rule 9(b) requires that "a complaint alleging fraud or misrepresentation, must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D.Ohio 1998) (citations omitted). Thus, the plaintiff must allege the time, place, and content of the misrepresentations on which he relied. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984). These requirements have not been met in this case.

Nonetheless, I decline to grant defendants' motion. As plaintiff's opposition points out, prior state court litigation involving substantially the same claims resulted in considerable discovery, including depositions of the named defendants. There is no reason to believe that the plaintiff has not thereby learned more about defendants' claims and their underlying basis than they could by requiring a more definite statement.

Granting plaintiff's motion would accomplish nothing but further delay in resolving this dispute, which has been the subject of litigation since 1996. Plaintiff's motion to dismiss or for a more definite statement shall, accordingly, be overruled.

Defendants seek to compel arbitration. They point out that the state court ordered arbitration in the prior litigation, and that order was upheld on appeal. This court, they contend, must give binding effect to that prior order and its affirmance.

The state court's order had two grounds: 1) a provision of the shareholder agreement requiring arbitration when deadlock exists, and 2) local rules of practice for the Common Pleas Court of Lucas County, Ohio. Deadlock exists in this case, and the parties agree that that issue should be submitted to arbitration under the shareholder agreement. The defendants' motion shall be granted with regard to the issues as to which the shareholder agreement mandates arbitration.

The state court referred the remaining issues to non-binding arbitration pursuant to local rules. As a general principle, state procedural requirements and practices are not binding on federal courts. *See generally, Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8(1965); *Johnson v. Fruit Belt Elec.*, 1995 WL 6227, *6 (6th Cir.Mich., Jan 05, 1995) (Un-

published Disposition) (dictum) ("there are compelling reasons to conclude, ..., that the Michigan mediation process, codified at Mich.Comp.Laws §§ 600.4951–4969, is 'procedural' and not 'substantive,' and thus is not, under *Erie*, applicable in this diversity case.").

 The state court's referral for non-binding arbitration can hardly be viewed as controlling the outcome of the litigation then pending before that court. Although the parties might have accepted the result of the arbitration, had it been allowed to proceed before plaintiff voluntarily non-suited his complaint, there is no certainty that they would have done so. Because the decision to apply the local rule to compel non-binding arbitration is not outcome determinative, there is no logical or legal basis for applying the *Erie* doctrine to the state "law of the case" (i.e., the decision to require such arbitration). *See generally Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) ("the intent of [*Erie* ] was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.").

I conclude, accordingly, that the motion to compel should be granted in part and overruled in part.

Defendants also seek dismissal on the basis that, in view of the prior state proceedings and the current pendency of a duplicate action in the state court, dismissal of this suit is proper, even though this court has jurisdiction due to the diversity of the parties. To the extent that I might have discretion to decline jurisdiction in a diversity case, I decline to grant their motion.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion to dismiss or for a more definite statement be, and the same hereby is overruled; and

2. Defendants' motion to dismiss or to compel arbitration is granted with regard to issues as to which arbitration is mandated by the shareholder agreement, and otherwise overruled.

So ordered.