NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0867n.06

No. 13-2009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 19, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SHIRLEY A. WILSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK, N.A., as Trustee for the | ) | ON APPEAL FROM THE |
| Benefit of Certificateholders of Normura | ) | UNITED STATES DISTRICT |
| Home Equity Loan Inc., Asset-Backed | ) | COURT FOR THE EASTERN |
| Certificates, Series 2006-FM2; | ) | DISTRICT OF MICHIGAN |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC.; | ) | |
| RANDALL S. MILLER & ASSOCIATES, | ) | |
| P.C., | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |

BEFORE:   McKEAGUE and KETHLEDGE, Circuit Judges; BERTELSMAN, District
Judge.[*]

PER CURIAM.   Shirley A. Wilson appeals the district court's dismissal of her

complaint seeking relief from a Michigan residential foreclosure by advertisement.[1]  Because the

district court did not err, we **AFFIRM**.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

[1] In a foreclosure by advertisement, the mortgagee exercises its contractual power-of-sale right to
foreclose on the mortgagor's property without initiating a judicial proceeding. *See Cramer v.*

I.

A.

In early May of 2006, Wilson obtained a loan in order to purchase real estate located at 17032 Coral Gables, Southfield, Michigan 48076 (the "property"). As part of this transaction, Wilson executed a promissory note in the amount of $189,000 to the lender, Freemont Investment & Loan Corporation ("Freemont"). The loan was secured by a mortgage on the property that named Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for Freemont and its successors and assigns.

In the period between the execution of the mortgage and early June of 2010, two important events occurred: Wilson defaulted on her loan, and Litton Loan Servicing, LP ("Litton") became Wilson's mortgage servicer. In early June of 2010, Wilson entered into a Home Affordable Modification Agreement with Litton. That agreement was recorded with the Oakland County Register of Deeds on June 18, 2010.

In the period between the execution of the agreement and December 17, 2011, two more important events occurred: Wilson again defaulted on the loan, and Ocwen Loan Servicing, LLC ("Ocwen") became Wilson's mortgage servicer. Ocwen then retained Randall S. Miller and Associates, PC ("RSM") as legal counsel to assist with the foreclosure process.

On December 12, 2011, RSM sent Wilson a letter informing her that Ocwen intended to foreclose on the property. In accordance with the letter, on December 17, 2011, Ocwen posted a

---

*Metro. Sav. & Loan Ass'n*, 258 N.W.2d 20, 23 (Mich. 1977) (adopting this Court's reasoning from *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23 (6th Cir. 1975), to uphold the constitutionality of Michigan's foreclosure-by-advertisement statute).

notice of foreclosure in a conspicuous place on the property. Ocwen also published the notice of foreclosure in the *Oakland County (MI) Legal News* on December 14, 2011, December 21, 2011, December 28, 2011, and January 4, 2012.

On December 21, 2011, MERS assigned Wilson's mortgage to HSBC Bank, NA, as Trustee for the Benefit of the Certificateholders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-FM2 ("HSBC"). The assignment was recorded with the Oakland County Register of Deeds on January 4, 2012.

A sheriff's sale of the property was held on January 17, 2012. HSBC tendered the winning bid and purchased the property for $209,524.15.

B.

On July 16, 2012, Wilson filed a seven-count complaint against HSBC, MERS, and RSM in Michigan state court. Wilson asserted a claim against all defendants for injunctive relief (Count I), a claim against HSBC for wrongful foreclosure pursuant to Michigan Compiled Laws sections 600.3204(4) and 600.3205a (Count II), a claim against HSBC to quiet title pursuant to Michigan Compiled Laws section 600.2932(1) (Count III), a claim against HSBC for wrongful foreclosure pursuant to Michigan Compiled Laws section 600.3204(3) (Count IV), a claim against HSBC for failure to comply with the National Housing Act, 12 U.S.C. 1701x(c)(5), (Count V), a claim against RSM for failure to comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e)(5), (Count VI), and a state-law claim against all defendants for fraudulent assignment (Count VII).

HSBC and MERS removed the case to the United States District Court for the Eastern District of Michigan on August 14, 2012, based on the parties' diversity of citizenship. HSBC and MERS then filed a joint motion to dismiss Wilson's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 12, 2012. On September 28, 2012, RSM filed a motion to dismiss and/or for summary judgment pursuant to Rule 12(b)(6) and Federal Rule of Civil Procedure 56.

The district court referred both motions to a magistrate judge, who issued a Report and Recommendation ("R&R") on April 23, 2013. The R&R recommended granting both motions filed by the defendants and dismissing Wilson's complaint. Wilson filed objections to the R&R on May 7, 2013.

The district court, however, overruled those objections; it accepted and adopted the R&R in an opinion issued July 1, 2013. Wilson then timely appealed to this Court on July 30, 2013.

II.

A.

We review de novo a district court's dismissal of a plaintiff's complaint pursuant to Rule 12(b)(6), accepting all well-pleaded factual allegations as true and construing the complaint in the light most favorable to the plaintiff. *See DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014). The complaint is not required to contain "detailed factual allegations," but it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, to survive defendants' Rule 12(b)(6) motions, Wilson's complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

We likewise review de novo a district court's grant of summary judgment pursuant to Rule 56. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court "accept[s] all of the nonmovant's evidence as true and draw[s] all reasonable inferences in the nonmovant's favor." *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). Accordingly, to survive RSM's motion for summary judgment, Wilson must bring forward sufficient evidence, accepted as true, to create a genuine dispute of material fact. "A genuine dispute of material facts exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

B.

Foreclosure by advertisement is "governed by statute under Michigan law." *Conlin v. Mortg. Elec. Reg. Sys.*, 714 F.3d 355, 359 (6th Cir. 2013). Michigan Compiled Laws section 600.3240(8) provides that a mortgagor facing foreclosure has six months from the date of the sheriff's sale to redeem the property. "Once this statutory redemption period lapses, however, the mortgagor's 'right, title, and interest in and to the property' are extinguished." *Conlin*, 714 F.3d at 359 (citing Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942)). Importantly, the filing of a lawsuit does not toll the

statutory redemption period. *Id.* at 360 (citing *Overton v. Mortg. Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)).

Once the redemption period expires, "the ability [of] a court to set aside a sheriff's sale has been drastically circumscribed." *Id.* at 359. In order to set aside such a sale, "the mortgagor [must make] 'a clear showing of fraud, or irregularity.'" *Id.* (citing *Schilthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). "It is further clear that not just any type of fraud will suffice. Rather, '[t]he misconduct must relate to the foreclosure procedure itself.'" *Id.* at 360 (alteration in original) (quoting *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429–30 (6th Cir. 2013)).

Additionally, any allegations of fraud in the plaintiff's complaint must meet the heightened pleading standard in Federal Rule of Civil Procedure 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to satisfy Rule 9(b) when pleading a fraud claim, a plaintiff's complaint must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)).

III.

A.

We begin our analysis with HSBC's and MERS's contentions that Wilson has waived appellate review of some claims by failing to develop an argument for reversal of the district

court's judgment on them in her briefing to this Court and that Wilson has forfeited appellate review of another claim because she did not plead it in the district court.

HSBC and MERS point out that Wilson's briefing does not mention her claim for injunctive relief pled in Count I or her claim for noncompliance with the National Housing Act pled in Count V. We accordingly hold that Wilson has waived appellate review of these claims. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 318 (6th Cir. 2005) ("An appellant waives an issue when [she] fails to present it in [her] initial briefs before this court." (quoting *Marks v. Newcourt Credit Grp.*, 342 F.3d 444, 462 (6th Cir. 2003) (internal quotation marks omitted))).

HSBC and MERS also point out that Wilson presses on appeal a claim that she did not plead. Arguing that the district court erred in dismissing her claim for wrongful foreclosure against HSBC in Count IV, Wilson now relies on Michigan Compiled Laws section 600.3204(1)(d), in addition to the violation of section 600.3204(3) pled in her complaint. We hold that Wilson forfeited this claim by failing to plead it in the district court. *Munaco v. Bank of Am.*, 513 F. App'x 508, 512 (6th Cir. 2013) ("The complaint does not allege that [defendant] was not 'either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage' . . . as required by Mich. Comp. Laws Ann. § 600.3204(1)(d) . . . . Having failed to state a claim under section 600.3204, [plaintiff] has forfeited any right to pursue such arguments on appeal."). This Court accordingly will not address Wilson's argument relating to section 600.3204(1)(d).

HSBC and MERS additionally contend that Wilson waived appellate review of her claim for fraudulent assignment as to HSBC and MERS because Wilson mentions only RSM in her briefing. We disagree that Wilson's briefing on this point constitutes waiver; a separate section

of her brief develops an argument as to why the district court erred when it held that MERS

validly assigned the mortgage to HSBC.

B.

Count II of Wilson's complaint asserts a claim for wrongful foreclosure against HSBC

for failure to comply with Michigan Compiled Laws sections 600.3204(4) and 600.3205a.[2]

Wilson alleges that HSBC failed to send her a notice informing her of her statutory right to

negotiate a loan modification as required by section 600.3205a and that she is entitled to have the

foreclosure set aside on this basis.

Assuming *arguendo* that HSBC violated section 600.3205a, the district court correctly

concluded that Wilson's only available remedy under Michigan law was conversion of the

foreclosure by advertisement to a judicial foreclosure prior to the sheriff's sale.[3] *Elsheick v.*

*Select Portfolio Servicing*, 566 F. App'x 492, 499 (6th Cir. 2014) ("Subsection (8) of

M.C.L.A. § 600.3205c identifies the exclusive remedy for a defendant's failure to comply with

the loan-modification process outlined in the Michigan statutes. That subsection provides, 'If a

mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in

violation of this section, the borrower may file an action in the circuit court for the county where

---

[2] We note that the Michigan Legislature has repealed both Michigan Compiled Laws sections 600.3204(4) and 600.3205a. 2014 Mich. Leg. Serv. P.A. 125 (H.B. 5277) (West) (repealing section 600.3204(4)); 2012 Mich. Leg. Serv. P.A. 521 (S.B. 1172) (West) (repealing section 600.3205a). The repeal of section 600.3204(4) became effective on June 19, 2014, and the repeal of section 600.3205a became effective on June 30, 2013.

[3] We also note that the Michigan Legislature has repealed Michigan Compiled Laws section 600.3205c(8), on which the district court relied to dismiss Wilson's claim, in the same act that repealed section 600.3205a. 2012 Mich. Leg. Serv. P.A. 521 (S.B. 1172) (West).

the mortgaged property is situated *to convert the foreclosure proceeding to a judicial foreclosure.*'" (quoting Mich. Comp. Laws § 600.3205c(8))). Because Wilson did not take advantage of this limited remedy when it was available to her, this Court cannot now set aside the foreclosure. We accordingly affirm the district court's dismissal of Count II.

Count III of Wilson's complaint asserts a state-law claim against HSBC to quiet title to the property. Wilson alleges that she has a fee simple interest in the property and that HSBC clouded that interest by initiating a fraudulent foreclosure.

> Michigan Compiled Laws section 600.2932(1) provides a cause of action for quiet title:
>
> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

But Michigan Compiled Laws section 600.3236 specifically states that, unless the mortgagor whose property is in foreclosure redeems the property during the statutory redemption period, the sheriff's sale deed "shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter." Because Wilson did not redeem the property within the six-month statutory redemption period, she currently has no title to the property and cannot state a claim to quiet title against HSBC. We accordingly affirm the district court's dismissal of Count III.

Count IV of Wilson's complaint asserts a claim against HSBC for wrongful foreclosure pursuant to Michigan Compiled Laws section 600.3204(3). Wilson alleges that the statute

requires a foreclosing lender to have a recorded chain of title showing its ownership of the loan prior to initiating the foreclosure process.

The statute on which Wilson relies states: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist *before the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3) (emphasis added). The plain and unambiguous language of the statute precludes us from accepting Wilson's argument. Because HSBC had a properly recorded chain of title as of January 4, 2012, and the sheriff's sale did not occur until January 17, 2012, HSBC complied with section 600.3204(3). We accordingly affirm the district court's dismissal of Count IV.

Count VI of Wilson's complaint asserts a claim against RSM for failure to comply with the FDCPA, 15 U.S.C. § 1692(e)(5). Wilson alleges that RSM engaged in a false, deceptive, or misleading practice when RSM represented to her on December 12, 2011, that it was counsel for HSBC and that HSBC was the lawful mortgagee when MERS did not assign Wilson's loan to HSBC until January 4, 2012.

The record does not bear out any of the allegations that Wilson makes in her complaint in support of this claim. The letter RSM sent to Wilson on December 12, 2011, did not state that RSM represented HSBC or that HSBC was Wilson's mortgagee. On the contrary, RSM stated: "Please be advised that our office has been retained by Ocwen Loan Servicing LLC, who either services or holds your mortgage, to commence foreclosure proceedings against the above property." The letter does not mention HSBC. Because RSM sent the letter on behalf of a party who had the legal right to foreclose on Wilson's property and no part of the letter was false,

deceptive, or misleading, RSM did not violate the FDCPA. We accordingly affirm the district court's dismissal of Count VI.

Count VII of Wilson's complaint asserts a claim against HSBC, MERS, and RSM for fraudulent assignment. Wilson primarily alleges that MERS lacked the capacity to assign her mortgage to HSBC.

Assuming *arguendo* that Wilson has standing to challenge the assignment from MERS to HSBC[4] and her assertion that MERS lacked authority to assign the mortgage is true, Wilson failed to plead the alleged fraud with the particularity required by Rule 9(b). Wilson's complaint must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Frank*, 547 F.3d at 570 (quoting *Gupta*, 10 F. Supp. 2d at 883). Generously construed, Wilson's complaint specifies the statements that she contends are fraudulent and identifies the speakers as the defendants. What Wilson's complaint does not do, however, is "state where and when the statements were made." *Id.* Because Wilson's complaint does not plead fraud with the requisite particularity, this Court cannot now set aside the foreclosure. We accordingly affirm the district court's dismissal of Count VII.

---

[4] It is unlikely that Wilson has such standing because she is neither a party to, nor a third-party beneficiary of, the assignment. *See Yuille v. Am. Home Mortg. Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) ("We agree with the district court that any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, *see Long v. City of Monroe*, 265 Mich. 425, 251 N.W. 582, 587 (1933), and that Yuille, as a stranger to the assignment, lacked standing to challenge its validity, *see Bowles v. Oakman*, 246 Mich. 674, 225 N.W. 613, 614 (1929); 6A C.J.S. *Assignments* § 132.").

IV.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.