RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0155p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────────

VIOLA CHAMBERS,

*Plaintiff-Appellant,*

*v.*

No. 14-1606

HSBC BANK USA, N.A., et al.,

*Defendants-Appellees.*

─────────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-14451—Nancy G. Edmunds, District Judge.

Decided and Filed: July 17, 2015

Before: MERRITT, MOORE, and DONALD, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:** Herman J. Anderson, HERMAN J. ANDERSON, PLLC, Detroit, Michigan, for Appellant. Ari Charlip, James A. Martone, DICKINSON WRIGHT PLLC, Troy, Michigan for HSBC Bank Appellees. David A. Breuch, Jonathan R. Schulz, CLARK HILL PLC, Birmingham, Michigan, for Signature Group Appellees.

─────────────────

## OPINION

─────────────────

BERNICE BOUIE DONALD, Circuit Judge. Plaintiff-Appellant Viola Chambers ("Chambers") appeals from a district court order dismissing her claims of fraud against HSBC Bank, USA, and numerous other defendants.[1] Chambers also asserts that the district court erred

─────────────────

[1]Chambers named 26 defendants below, and renames them all on appeal: HSBC Bank USA, N.A. ("HSBC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Signature Group Holdings, Inc. ("SGH Inc."); Signature Group Holdings, LLC ("SGH LLC"); Ocwen Loan Servicing, LLC ("Ocwen"); Litton Loan

when it dismissed her motion for remand as moot.  For the reasons that follow, we AFFIRM the judgment of the district court.

I.

On April 5, 2006, Chambers and her son purchased a residential condominium in Novi, Michigan.  The total cost of the condo was $608,294.00.  They financed the purchase with $25,000.00 from Chambers' personal funds and obtained a mortgage loan from Fremont Investment and Loan ("FILC") in the amount of $583,294.00 (the "first mortgage").  Chambers and her son also took a second mortgage loan on the property from FILC in the amount of $166,635.00 (the "second mortgage").  On April 8, 2006, Chambers' son transferred his interest in the condo to Chambers by quitclaim deed.  In the following years, the mortgages were collectively assigned to defendant HSBC.[2]

Chambers defaulted on the first mortgage, making her last payment on June 10, 2008.  The second mortgage was discharged on January 5, 2009.  On December 19, 2012, HSBC, through its agent Miller Law, began non-judicial foreclosure proceedings against the condo by publishing a notice in the Oakland County News.  On January 22, 2013, the Oakland County Deputy Sheriff sold Chambers' condo to HSBC for $744,734.33.

In September 2013,[3] Chambers filed suit in Oakland County Circuit Court, demanding that the sheriff's sale be voided on multiple bases.  Chambers claimed, inter alia, (1) that HSBC did not comply with Michigan law governing foreclosure by advertisement because it failed to mail her "written notices containing the information specified in [Mich. Comp. Laws ("MCL")] § 600.3205a(1)[,]" including notification of her right to request a loan modification; (2) that all defendants—HSBC, its agents, and others—"acting in concert together and with each other, willfully, knowingly and purposefully failed to comply with the mandatory notice provisions" of

---

Servicing LP ("Litton"); Randall S. Miller & Associates, PC ("Miller Law"); Orlans Associates, PC; John Alexander; Leticia A. Arias; Debra Avla; Connie Baker; Denise Balley; Russell Castillo; Jami Dorbiala; Karen Koronowski ("Koronowski"); Randall S. Miller ("Miller"); Noemi Morales; Susan C. Myers; Vanessa Pinc; Alice Rojas; Naomi Smith; William Trudgeon ("Trudgeon"); Leticia Turner; Cynthia Van Patten ("Van Patten"); and Jasmin Vazquez.

[2]The chain of title regarding Chambers' mortgage is discussed in detail in the district court's order of March 11, 2014.

[3]Chambers initially filed her complaint on or about September 6, 2013, and filed an amended complaint on or about September 16, 2013.

Michigan law, and committed fraud in doing so; and (3) that multiple conveyances of the mortgage were flawed, rendering HSBC legally incapable of foreclosing on the property. Chambers included as defendants not only HSBC and its agents, but numerous other companies and individuals whose name or signature appear in the chain of title.[4] In Counts 1 through 4, Chambers asked the court to declare void the foreclosure and sheriff's sale; in Count 5, she requested conversion damages under MCL § 600.2919a.[5]

HSBC, MERS, Ocwen, and Litton (collectively, the "Removing Defendants") filed a motion to remove the case to federal court. In response, Chambers filed a motion for remand to state court. A plethora of other motions followed. Of relevance to the appeal at bar, the Removing Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6); defendants SGH, Inc., SGH LLC, and Van Patten moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); and Chambers moved for sanctions against defendants and to strike Removing Defendants' motion to dismiss. The district court granted defendants' motions to dismiss and for judgment on the pleadings, denied Chambers' motions for sanctions and to strike, and denied Chambers' outstanding motion for remand as moot. Chambers now appeals.

## II.

Chambers asserts a number of arguments on appeal regarding both the district court's decision not to remand the case to state court and its dismissal of her claims on the merits. We find none of these arguments persuasive.

## A.

Chambers claims that the district court committed reversible error when it failed to remand the case to state court for several reasons: (1) the Removing Defendants failed to obtain consent from all necessary defendants; (2) the non-diverse defendants, including Koronowski, were properly joined, and therefore remain subject to the unanimity rule; and (3) the motion for remand cannot be mooted because "a challenge to subject matter jurisdiction is never moot in a removed case." Chambers' arguments are unavailing.

---

[4] *See supra* n.1.

[5] As discussed by the district court, MCL § 600.2919a explicitly deals with the conversion of personal property, not real estate. Count 5 is not at issue on appeal.

Most of Chambers' jurisdictional claims address various aspects of the same issue: that a defendant seeking removal to federal court must obtain the consent of all other "properly joined and served" defendants to ensure the motion is unanimous.  28 U.S.C. § 1446(b)(2)(A).  This requirement, otherwise known as the "rule of unanimity," ensures that all defendants have a say before a case involving their interests is removed from state court.  *See, e.g., Farnsworth v. Nationstar Mortgage, LLC*, 569 F. App'x 421, 424 (6th Cir. 2014) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.") (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)) (internal quotation marks omitted).

By its terms, however, § 1446(b)(2) only requires the consent of *properly* joined defendants; the consent of a defendant that has been *fraudulently* joined is not necessary.  *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) ("[A] party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined.") (quoting *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)).  To show that a party was fraudulently joined, and therefore consent from that party is not required for unanimity, the removing defendants must show that there is no colorable cause of action against that party.  *Id.* ("Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action.").  In other words, "[t]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In this case, the Removing Defendants filed a motion to remove the case to federal court, and in a related memorandum,[6] asserted that the non-diverse defendants—Orleans Associates, P.C., Miller Law, and individuals Miller, Trudgeon, and Koronowski—had been fraudulently joined, making their consent for removal unnecessary.  On November 25, 2013, Chambers

---

[6]In light of the non-diverse defendants named in the case, the district court issued a show-cause order to the Removing Defendants requiring them to apply the fraudulent joinder standard to each non-diverse defendant.  The referenced memorandum is the Removing Defendants' response to this order.

responded with a motion for remand to state court. Chambers argued that she had presented a colorable claim in particular against Koronowski, and that Koronowski was therefore a properly-joined, non-diverse defendant requiring remand. However, rather than ruling on the motion for remand directly, the district court found the non-diverse defendants were fraudulently joined, dismissed them from the case, and declared the motion for remand moot.

On appeal, Chambers argues the district court committed reversible error by failing to rule on the motion for remand. The Removing Defendants respond that Chambers' motion was time-barred, because it was filed more than 30 days after the notice of removal. But Chambers contends that her motion cannot be time-barred because it contained an objection to subject matter jurisdiction, which may be raised at any time. We find they are both partially correct.

Chambers is correct that a challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment. *See Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) ("[L]ack of subject matter jurisdiction . . . requires the court to remand at any time prior to final judgment."). But we have held that a breach of the rule of unanimity is a *procedural* issue, not a *substantive* one. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003) (discussing "technical defects in the removal procedure, such as a breach of the rule of unanimity") (citing 28 U.S.C. § 1447(c) and *Page*, 45 F.3d at 133). Violation of the rule of unanimity was the sole grounds of Chambers' motion for remand regarding all the non-diverse defendants, save one: Koronowski. Accordingly, we must decide on the merits whether Koronowski was properly or fraudulently joined, but we need not address the other defendants' joinder if her motion was not timely filed.

1.

In support of removal, the Removing Defendants argued that Chambers had alleged no colorable cause of action against Koronowski, which rendered Koronowski's joinder as a defendant fraudulent. Koronowski, a paralegal and notary at Miller Law, had been named only in Count 4, under which the sole relief Chambers sought was to void the Sheriff's sale of the property. As Chambers sought no monetary or other relief that Koronowski could legally provide, the Removing Defendants argued, Chambers had not alleged a colorable claim against her under Michigan law. The district court noted in its order to dismiss that a claim seeking to

have a Sheriff's sale voided was "clearly improper to assert against a paralegal at a private law firm." We agree. Chambers failed to assert a claim against Koronowski that could reasonably result in liability under state law. *Coyne*, 183 F.3d at 493; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) ("[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."). Koronowski was fraudulently joined; her designation as a defendant does not provide grounds for remand. It was not reversible error, therefore, for the district court to declare moot Chambers' motion for remand.

2.

Unlike her arguments regarding Koronowski's joinder, Chambers' arguments that the other non-diverse defendants were properly joined were made solely to establish that their consent was necessary for unanimity. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Thus, Chambers' motion for remand had to be filed within 30 days of the date of filing of the notice of removal. The parties dispute whether this is the case.

The Removing Defendants filed their notice of removal with the district court on October 23, 2013. However, the filing fee was not received until the next day, which Chambers argues makes the "date of filing" October 24, 2013. If the 30-day window opened October 23, then it closed November 22. If, however, the 30-day window opened October 24, then it closed on November 23, a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), the deadline would be the following Monday, November 25—the date on which Chambers submitted the motion for remand.

The Federal Rules of Civil Procedure state that electronic filing may be governed by local rule. Fed. R. Civ. P. 5(d)(3) ("A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States."). Thus, we look to the rules of the district court to determine the notice of removal filing date. The Electronic Filing Policies and Procedures for the Eastern District of Michigan define a notice of removal as an "initiating paper" for the purposes of filing. Elec. Filing Pol'y & P., E.D.M.I. (Rev. Mar. 2010) ("EDMI") 1(f). The rules

explain that an initiating paper is considered "filed" when the "initiating paper has been uploaded and a judicial officer has been assigned to the case[,]" EDMI 6(a), not when the requisite fee is paid, *Searcy v. Cnty. of Oakland*, 735 F. Supp. 2d 759, 768 (E.D. Mich. 2010). As the district court has explained, "[t]he filing fee can be paid routinely up to seven days after 'filing.' If it is not paid within this time frame, the assigned judge is contacted, but the case remains 'filed' until it is dismissed by a judge." *Id*. at 768.

In *Searcy v. County of Oakland*, the district court addressed whether an initiating paper was "filed" on the date it was uploaded and assigned to a judicial officer or the date when the fee was paid. The court unequivocally stated that the date of filing was the former:

> The complaint in this case was uploaded and the undersigned was assigned to the matter on July 29, 2009. That is when the case was "filed" under local practice[.] . . . No filing fee was paid then[.] . . . The fee was not paid until August 12, 2009, and summonses were issued the next day. The fee payment was tardy, and the plaintiff's attorney was careless. . . .[But] the non-payment of the fee did not upset the "filed" status of the complaint. The Court concludes, therefore, that this case was commenced . . . on July 29, 2009.

*Id*.

Accordingly, we find that the notice of removal was filed on October 23, 2013. The district court docket for this case clearly states that the notice of removal was received and logged by an officer of the court on October 23, 2013, making that the date of filing. As such, the motion for remand was timely only if filed by November 22, 2013. Chambers' motion for remand was time-barred regarding the other defendants. Accordingly, it was not reversible error for the district court to declare the motion moot.

B.

Chambers also argues that the district court erred in dismissing her claims on the merits under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c) because she: 1) alleged wrongdoing outside the ordinary course of the mortgage transactions at issue and 2) made a clear showing of the prejudice she suffered as a result. Chambers avers that she is therefore entitled to have the foreclosure sale set aside. We disagree.

We review de novo a district court's dismissal of a case under Rule 12(b)(6). *Garcia v. Fed. Nat. Mortgage Ass'n*, 782 F.3d 736, 739 (6th Cir. 2015). To survive a Rule 12(b)(6) motion, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We review a district court's grant of a Rule 12(c) motion for judgment on the pleadings under the same standard. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Michigan law governs our review of Chambers' claims on the merits. *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 358 (6th Cir. 2013) ("Where, as here, federal jurisdiction is based on diversity, this Court applies the substantive law of the forum state—in this case, Michigan.") (citing *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir.2008)); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Michigan foreclosure statutes provide a mortgagor six months from the date of the sheriff's sale to redeem the property, after which the mortgagor's "right, title, and interest in and to the property" are extinguished. *Conlin*, 714 F.3d at 359 (citing MCL § 600.3236 and *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942)). Once the statutory redemption period lapses, a mortgagor asking the courts to set aside a sheriff's sale must make a "clear showing of fraud or irregularity." *Id.* (quoting *Schulthies v. Baron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969) and referencing *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007)). "[N]ot just any type of fraud will suffice." *Wilson v. HSBC Bank, N.A.*, 594 F. App'x 852, 856 (6th Cir. 2014) (quoting *Conlin*, 714 F.3d at 360). The fraud or irregularity must relate to the foreclosure procedure itself. *Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 368 (6th Cir. 2014).

Michigan law also requires a plaintiff seeking to set aside a foreclosure sale to show that she was prejudiced by the defendant's failure to comply with Michigan's foreclosure statute. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). "To demonstrate such prejudice, [the plaintiff] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Id.*

On appeal, Chambers asserts that the defendants committed fraud against her when they, "acting in concert with their legal counsel, deliberately engaged in wrongful conduct that deprived her of notice about her right to seek a loan modification" as required by the Michigan statute. (Appellant Br. 42-43 (citing MCL § 600.3205a(1)).) Chambers was prejudiced, she claims, because the defendants' failure to provide full notice deprived her of the chance to seek a loan modification. (Appellant Br. 44.) She does not, however, dispute that she received timely notice otherwise. It is also undisputed that Chambers did not file her complaint in state court until well after the six-month redemption period ended.[7]

Assuming arguendo that Chambers makes a sufficient claim of fraud and even prejudice, she nonetheless fails to state a claim upon which relief may be granted because she did not act within the redemption period. We have held that a plaintiff claiming that a bank failed to notify him of his right to seek loan modification cannot have the foreclosure sale set aside after the redemption period. *Elsheick v. Select Portfolio Servicing*, 566 F. App'x 492, 499 (6th Cir. 2014). In *Elsheick*, the plaintiff claimed that the defendants denied him access to a loan modification agreement when it failed to provide him proper notice under § 600.3205a. *Id.* Elsheick requested that the district court set aside the completed foreclosure by advertisement. The district court declined, and we affirmed, explaining that Elsheick's sole remedy under the statute was the ability, during the redemption period, to request that a foreclosure by advertisement be converted into a judicial foreclosure. *Id.* (citing MCL § 600.3205c(8)). The relief he sought was simply not available for the violation he alleged. *Id.* Furthermore, we noted that Elsheick's failure to seek the exclusive remedy available to him was the cause of any prejudice he might have suffered, rendering the fraud exception inapplicable in his case. *Id.* (citing *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) and *Kim*, 825 N.W.2d at 337).

Similarly, in *Wilson v. HSBC Bank, N.A.*, Wilson asserted a claim of wrongful foreclosure against HSBC for failure to comply with Michigan's notice requirements under §§ 600.3204 and 600.3205a. *Wilson*, 594 F. App'x at 857. Like Chambers, Wilson averred that HSBC failed to send her notice of her statutory right to a loan modification, and requested that

---

[7]The sheriff's sale took place on January 22, 2013. Chambers filed suit in state court in September 2013. *See supra* n.3.

the completed foreclosure sale of her property be set aside on that basis. *Id.* Even assuming HSBC had violated the statute as Wilson alleged, we again held that Wilson's only available remedy was conversion of the foreclosure prior to the sheriff's sale. *Id.* (citing *Elsheick*, 566 F. App'x at 499). Because Wilson did not take advantage of her sole possible remedy when it was available, we found we could not retroactively set aside the foreclosure. *Id.*

The same rationale and result apply in this case. Chambers had the opportunity during the redemption period following the January 2013 foreclosure sale to request that a court convert the foreclosure by advertisement into a judicial foreclosure. She failed not only to act during the requisite time period, but also failed to request the exclusive remedy the district court could grant. Accordingly, the district court properly dismissed her claims under 12(b)(6) and 12(c).

III.

For the foregoing reasons, we AFFIRM the decision of the district court.