PIOTROWSKI *v.* STATE LAND OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—MATCHING HIGH BID—PARTIES— MORTGAGES.

The mortgagor and mortgagee of property at the time property was sold to State for delinquent taxes each have an *interest in the land* as that term is used in provision of the State land office board act limiting the right to match the highest bid at the so-called scavenger sale to holders of an interest at time of sale to State, priority of right to match bid being accorded to the one having the largest financial investment in the property (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

2. SAME—SCAVENGER SALE—CONTINGENT RIGHT TO MATCH HIGH BID.

> The right to match the highest bid for property at the so-called scavenger sale does not accrue to anyone until the property is sold at the scavenger sale, up until that time it being merely a contingent right which may or may not happen (Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

3. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—REDEMPTION.

> Upon a mortgagor's failure to redeem after sale of property under proceedings to foreclose by advertisement, all of the interest which the mortgagor had at the time of execution of the mortgage or at any time thereafter vests in the purchaser at the foreclosure sale or his heirs or assigns (3 Comp. Laws 1929, § 14434).

4. TAXATION—MORTGAGES—FAILURE TO REDEEM FROM FORECLOSURE—SCAVENGER SALE—RIGHT TO MATCH HIGH BID.

> Mortgagors of property sold to State for delinquent taxes and thereafter sold by State at so-called scavenger sale who failed to redeem from sale under foreclosure by advertisement within period of redemption which expired prior to time property was sold at scavenger sale had no interest in the property entitling them to match highest bid at scavenger sale as the State land office board act clearly contemplated that one having an interest in the property at the time of the tax sale should continue to hold an interest until the scavenger sale in order to be entitled to exercise privilege of matching the highest bid, hence were not entitled to maintain suit to enjoin State land office board from executing deed to grantee under quitclaim deed from mortgagee's assignee, executed after scavenger sale (3 Comp. Laws 1929, § 14439; Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

5. SAME—COSTS—RIGHT TO MATCH HIGH BID AT SCAVENGER SALE.

> No costs are allowed in suit involving determination of right to match highest bid at scavenger sale between mortgagors who failed to redeem from sale under foreclosure within redemption period which expired prior to time scavenger sale was held and mortgagee's grantee under quitclaim deed executed after scavenger sale was held (3 Comp. Laws 1929, § 14439; Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

Appeal from Wayne; Keidan (Harry B.), J.   Submitted April 14, 1942.   (Docket No. 30, Calendar No. 41,931.)   Decided June 10, 1942.   Rehearing denied September 8, 1942.

Bill by Walter Piotrowski and wife against State Land Office Board and David Baum to enjoin the delivery of a deed, restrain eviction proceedings, and for other relief.   Defendants' motion to dismiss granted.   Plaintiffs' motion for a rehearing of motion to dismiss denied.   Plaintiffs appeal.   Affirmed.

*McKenzie & Hamilton,* for plaintiffs.

*Alvin D. Hersch* and *Samuel H. Weisman,* for defendant Baum. .

STARR, J.   Plaintiffs appeal from an order entered December 4, 1941, denying their motion for a rehearing on an order entered May 22, 1941, dismissing their bill of complaint.

In 1916 plaintiffs acquired title to the land in question, located in the city of Hamtramck.   In about 1926 they constructed a two-story building thereon, the upper story being used by plaintiffs for residence purposes and the ground story for commercial purposes.   In 1926 they executed a mortgage on such property in the amount of $5,000 to the Peoples State Bank of Detroit.   Such mortgage was assigned to the First National Bank—Detroit and later passed to B. C. Schram, receiver of the bank.

Plaintiffs defaulted in the payment of taxes on the property for 1935 and prior years.   At the tax sale in May, 1938, the property was bid in by the State of Michigan.   Neither plaintiffs nor receiver Schram redeemed from such tax sale, and the State's title

became absolute on November 3, 1939 (1 Comp. Laws 1929, § 3467, as last amended by Act No. 325, Pub. Acts 1937 [Stat. Ann. 1938 Cum. Supp. § 7.120]). In 1939 receiver Schram began foreclosure of the mortgage by advertisement and at sheriff's sale on August 9, 1939, bid in the property for $1,900 and received sheriff's deed. Plaintiffs did not redeem from such foreclosure sale, their right to redeem expiring on August 9, 1940.

On September 3, 1940, about 25 days after plaintiffs' right of redemption from the foreclosure sale had expired, the property was sold by defendant State land office board at public auction (commonly known as the scavenger sale) in pursuance of Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-1 *et seq.*). At such sale the property was bid in by a third party, not named in the record, at a price of $3,750. On September 27, 1940, receiver Schram executed quitclaim deed of the property to defendant Baum for a price of $1,500. Within 30 days after the scavenger sale, plaintiffs and defendant Baum each filed matching bids with defendant board, made the required payments, and requested land contracts. The board determined that defendant Baum was entitled to match the bid received at the scavenger sale. The board further determined that, because the period of redemption in the foreclosure proceedings had expired August 9, 1940, plaintiffs had lost their right and privilege as former owners to present a matching bid.

Defendant Baum began proceedings before a circuit court commissioner to obtain possession of the property. On November 30, 1940, plaintiffs began the present chancery action asking that defendant board be required by decree to execute and deliver land contract to plaintiffs; that defendant Baum be

decreed to have no interest in the property entitling him to match the bid received by the board at the scavenger sale; that the board be enjoined from issuing land contract to defendant Baum; and that Baum be enjoined from interfering with plaintiffs' possession of the property.   An order to show cause and restraining order were issued.   Defendant Baum answered denying plaintiffs' right to relief sought and asked dismissal of their bill.   Defendant board answered and moved to dismiss plaintiffs' bill.   On March 6, 1941, the court entered an order dismissing plaintiffs' bill of complaint with prejudice and dissolved the restraining order.   On plaintiffs' motion the court, on April 14, 1941, granted a rehearing. The parties stipulated as to certain facts for the "purpose of decision on defendants' motion to dismiss:"

"1.   *   *   *   That mortgage foreclosure sale under advertisement was held August 9, 1939, and (plaintiffs') equity of redemption from same expired August 9, 1940; that public (scavenger) sale was set for July 12, 1940, by State land office board but same was not held at that time; said premises being offered for sale on September 3, 1940, and that public (scavenger) sale under the land board act was held on September 3, 1940, and property bid in by a stranger at $3,750; that defendant Baum received his deed from the receiver of the First National Bank— Detroit on September 27, 1940, and both plaintiffs and defendant Baum filed matching bids within the period of 30 days from said sale as provided by the statute; that the State land office board rejected plaintiffs' bid and accepted bid of defendant Baum.

"2.   That plaintiffs claimed that they had an investment of $20,228 in said premises and defendant, David Baum, claimed that in addition to agreeing to meet the bid made at public sale of $3,750, he had paid $1,500 to the receiver of the First National Bank

—Detroit, purchaser at mortgage foreclosure sale, for the title to said premises and right to match the bid, or a total of $5,250. Defendant Baum claimed that this figure represents the present fair market value of said premises, inasmuch as $1,500 was the highest price that said receiver could secure for the right to match the bid at open sale at which plaintiffs made a lesser offer, which was refused.

"Plaintiffs claimed that the present fair market value of said premises is at least $9,000."

On May 22, 1941, the court dismissed plaintiffs' bill of complaint on the ground that it failed to state a cause of action. The court's finding stated, in part:

"The court does hereby make the following findings for the purpose of decision upon the said order to show cause and motion to dismiss bill of complaint and vacate restraining order:

"1. That the bill of complaint filed herein fails to state or present a cause of action and, therefore, the motion to dismiss is granted and the said bill of complaint dismissed and the restraining order vacated, with costs to defendants to be taxed.

"2. That the decision of the State land office board that defendant, David Baum, is the only person entitled as 'owner' to exercise the privileges granted to former owners by the pertinent provisions of the land board act, Act No. 155, § 7, Pub. Acts 1937, as amended, with regard to the premises in question and to meet the bid made at the public sale on September 3, 1940, is in accordance with the provisions of said act and correct and legal and the acceptance of the bid of defendant Baum is proper and legal.

"3. That the plaintiffs lost all right, title and interest in and to said premises on August 9, 1940, the

time of expiration of their equity of redemption from the mortgage foreclosure sale of said premises and had no interest in said premises on September 3, 1940, date of public sale of said premises under the land board act nor on or about September 27, 1940, when plaintiffs made a matching bid within the time limited therefor, which was correctly and legally refused by the State land office board.

"4.   That the defendant, David Baum, as grantee of the title and right to match bid of the receiver of First National Bank—Detroit, purchaser at mortgage foreclosure sale, was vested with the right to match the bid made to the State land office board at public sale under the land board act on September 27, 1940, and did properly and legally match same on said date and became and is entitled to complete the purchase of said premises under the terms of said act.   *   *   *

"6.   That the court having found that plaintiffs had no interest in or title to said premises at the time of filing matching bid and that defendant Baum did have such interest and title and is, therefore, the only person designated by the land board act and authorized to meet the bid made at the public sale of said premises under the land board act as 'owner,' the question of whether or not plaintiffs or defendant have the greater financial interest in said premises is immaterial and irrelevant and was, therefore, not considered or determined by the court."

Plaintiffs' motion for rehearing was denied December 4, 1941, and they appeal.

Plaintiffs contend that, as owners of the property at the time of the tax sale in May, 1938, they had the right under Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957), to match the bid made at the scav-

enger sale.  Such section of the act provided, in part:

"Any person who, at the time of the tax sale, had any interest in any parcel of land so sold, shall have the right for a period of 30 days after such public sale as in this section provided, to meet the highest bid, by paying the amount thereof to the county treasurer."

Defendants contend that plaintiffs, upon the expiration of their right of redemption in the foreclosure proceedings on August 9, 1940, lost their privilege as former owners to meet the bid received at the scavenger sale on September 3, 1940.

At the time of the tax sale in May, 1938, plaintiffs owned title to the property subject to the mortgage held by receiver Schram.  Therefore, at the time · of the tax sale both plaintiffs and receiver Schram had an "interest in the land."  In *National Bank of Detroit* v. *State Land Office Board*, 300 Mich. 240, 247, Mr. Justice SHARPE stated:

"In *Redford Union Schools, Dist. No. 1*, v. *State Land Office Board*, 297 Mich. 535, we held that the right to meet the highest bid at the scavenger sale is limited to parties having *an interest in the land* sold at the tax sale when the State bid in the property."

The statute gave plaintiffs and defendant Schram, both of whom had "an interest in the land," the privilege of matching the highest bid received at the scavenger sale, "priority to be given the one having the largest financial investment in the property." (Act No. 155, § 5, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3723-5].)  Such privilege did not accrue to or vest in either plaintiffs or receiver Schram until the property was sold to the highest bidder at the scav-

enger sale. In *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich. 85, 94, we said:

"The right of plaintiff to meet the highest bid (at the scavenger sale) is not a condition upon which the State acquired title absolute (at the tax sale in 1938) to the lands in question. This privilege could not under any circumstances accrue to plaintiff or become a vested right in it until a sale has been made by the State to the highest bidder. It is only upon the acceptance by the State of the highest bid that the statutory right of the former owner to meet such highest bid becomes operative and permits the former owner to acquire the title in the manner provided by the statute. Until such sale, it is not a present vested right or a present interest; it is a mere contingent right which may or may not happen."

Plaintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right on August 9, 1940, all plaintiffs' rights in and to the property were extinguished. Section 14434, 3 Comp. Laws 1929 (Stat. Ann. § 27.1230), provides, in part:

"Unless the premises described in such deed shall be redeemed within the time limited for such redemption * * * such (sheriff's) deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage or at any time *thereafter."*

See, also, *Swarthout* v. *Shields,* 185 Mich. 427; *Stolte* v. *Krentel,* 271 Mich. 98; *Detroit Fidelity & Surety Co.* v. *Donaldson,* 255 Mich. 129.

Plaintiffs, having lost all their right, title, and interest in and to the property at the expiration of their right of redemption on August 9, 1940, were not

thereafter at the time of the scavenger sale on September 3, 1940, in a position to exercise the privilege of meeting the highest bid at such sale. The statute clearly contemplated that one having an interest in property at the time of the tax sale in May, 1938, should continue to hold an interest until the scavenger sale in order to be entitled to exercise his privilege of matching the highest bid at such sale.

As plaintiffs had lost their privilege of meeting the highest bid at the scavenger sale, they cannot maintain the present action. Their bill of complaint did not state a cause of action and was properly dismissed.

The order of the trial court dismissing plaintiffs' bill of complaint is affirmed. In view of our conclusions, no costs will be allowed.

CHANDLER, C, J., and BOYLES, NORTH, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.