NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0408n.06

Case No. 14-2040

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 04, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANNETTA POWELL; GENEKE A. LYONS, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| THE BANK OF NEW YORK MELLON, AS | ) | MICHIGAN |
| SUCCESSOR TRUSTEE TO JP MORGAN | ) | |
| CHASE BANK, N.A. AS TRUSTEE FOR | ) | |
| THE HOLDERS OF SAMI II TRUST 2006- | ) | |
| AR3, MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES, SERIES 2006-AR3, fka | | |
| BANK OF NEW YORK, | | |
| | | |
| Defendant-Appellee. | | |
| _____/ | | |

**Before: MERRITT, BOGGS, and ROGERS, Circuit Judges.**

**MERRITT, Circuit Judge.** Plaintiffs Annetta Powell and Geneke A. Lyons filed suit against defendant, The Bank of New York Mellon, in the Oakland County (Michigan) Circuit Court on September 14, 2012, seeking to set aside the sheriff's sale of their property in Commerce, Michigan, and to quiet title. Mellon timely removed the action to the United States District Court for the Eastern District of Michigan based on diversity jurisdiction. 28 U.S.C. § 1332(a).

**I.**

On March 9, 2006, plaintiffs obtained a loan from America's Wholesale Lender to purchase a home. As security for the loan, plaintiffs granted a mortgage against the property to Mortgage Electronic Registration Systems, Inc. Five years after the original loan, on August 31, 2011, Mortgage Electronic Registration Systems assigned the mortgage to Mellon "as successor trustee to JPMorgan Chase Bank, N.A., as trustee for the holders of SAMI II Trust 2006–AR3, Mortgage Pass–Through Certificates, Series 2006–AR3."[1] The assignment was recorded with the Wayne County Register of Deeds on September 12, 2011. Plaintiffs defaulted on the loan, triggering an effort to collect under the mortgage as security, and Mellon initiated foreclosure-by-advertisement proceedings pursuant to Mich. Comp. Laws §§ 600.3201-.3285.[2] On December 2, 2011, Mellon's lawyer sent plaintiffs the required notice of the foreclosure proceedings pursuant to Mich. Comp. Laws § 600.3205a. Mellon purchased the property at a sheriff's sale for $704,044.01 on March 27, 2012.

Plaintiffs did not redeem the property during the six-month statutory redemption period, which expired on September 27, 2012. Mich. Comp. Laws § 600.3240(8). On September 14, 2012, approximately two weeks before the expiration of the six-month statutory period,[3] plaintiffs filed a complaint against Mellon in Oakland County, Michigan, Circuit Court

---

[1] Residential mortgage loans may be pooled and sold into trusts created to receive the stream of interest and principal payments from the borrowers. The right to receive trust income is parceled into certificates and sold to investors as a form of securitization. The trustee hires a mortgage servicer to administer the mortgages by enforcing the mortgage terms and administering payments. The terms of the securitization trusts are set forth in what are known as "Pooling and Service Agreements." Although not explained by either party to this action, presumably the promissory note and underlying mortgage at issue here were "securitized" and subject to such pooling and service agreements. *See, e.g., BlackRock Fin. Mngmt. Inc. v. Segregated Account Ambac Assur. Corp.*, 673 F.3d 169, 173 (2d Cir. 2012).

[2] Michigan's foreclosure-by-advertisement laws have been amended since the proceedings at issue herein began. Citations to the statute will be to the language in effect during the relevant time.

[3] The filing of a lawsuit does not toll the redemption period. *Conlin v. Mortg. Elec. Regis. Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013).

containing four counts: (I) quiet title; (II) illegal foreclosure by advertisement; (III) lack of capacity to initiate foreclosure; and (IV) breach of Mich. Comp. Laws § 600.3205c relating to the loan-modification process. Essentially, plaintiffs seek to set aside the sheriff's sale and regain title to the property based on two alleged "irregularities" in the foreclosure process: (1) the failure of Mellon to follow the statutory procedures pertaining to the loan-modification process, and (2) the alleged lack of capacity of Mellon to foreclose on the property because Mellon did not hold valid legal ownership of the mortgage at the time of foreclosure, as required by Mich. Comp. Laws § 600.3204(1)(d).[4] Mellon removed the action to federal court and filed a motion to dismiss. The district court granted the motion without holding a hearing. *Powell v. Bank of New York Mellon*, No. 12-cv-14411, 2014 WL 3420780 (E.D. Mich. July 14, 2014). Because neither of the alleged irregularities warrants setting aside the sheriff's sale, and because the plaintiffs have not alleged prejudice from any irregularity in the foreclosure process, we affirm the judgment of the district court.

## II.

We review de novo a district court's decision to deny a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, using the same standards employed by the district court. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

Non-judicial foreclosure, or "foreclosure by advertisement," in Michigan is regulated by statute. Mich. Comp. Laws §§ 600.3201-.3285. Once a foreclosure is complete and the six-month redemption period following the foreclosure or sheriff's sale has expired, a former owner

---

[4] Mich. Comp. Laws § 600.3204 states in relevant part:

> (1) [A] party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> . . .
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

loses all right, title and interest in the property. *See Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). Mortgagors can set aside the foreclosure if they can demonstrate "a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Vanderhoof v. Deutsche Bank Nat'l Trust*, 554 F. App'x 355, 357 (6th Cir. 2014). Beyond showing fraud or irregularity in the foreclosure proceedings, plaintiffs must also demonstrate prejudice from such fraud or irregularity. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). To demonstrate prejudice, plaintiffs must demonstrate that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute. *Id.*; *see also Conlin v. Mortg. Elec. Regis. Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013). The question before us is whether plaintiffs have made sufficient allegations of fraud or irregularity in the foreclosure process, and whether they have demonstrated prejudice flowing therefrom.

### A. Statutory Loan-Modification Process

Plaintiffs claim that the loan-modification process required under Michigan law, Mich. Comp. Laws §§ 600.3205a-.3205d (2011), was not followed by Mellon. Plaintiffs allege that they received notice of the loan-modification process and that they followed it by contacting Mellon's attorney to obtain a loan modification. However, they allege, without giving any specific details, that Mellon "failed to complete the Loan Modification process" and "apparently denied Plaintiffs a Loan Modification." Complaint at ¶¶ 9, 55. They also allege that Mellon failed to send them a denial letter with the relevant loan-modification calculations before the sheriff's sale. *Id.*

Plaintiffs do not state when they received notice of the loan-modification process or the name of the lawyer for Mellon that they contacted. Under Michigan law, they were to contact a

housing counselor within 14 days of receiving notice of the loan-modification process. Mich. Comp. Laws § 600.3205b(1) (2011). Plaintiffs have not indicated that they requested a loan modification by contacting a housing counselor within fourteen days as required by § 600.3205b(1). Instead, they attach 3 emails dated between October 2011 and January 2012 from a LaSheca Sherer at Bank of America. Ex. 5 to Plaintiffs' Response to Motion to Dismiss. The emails indicate that plaintiffs may have been attempting to modify their loan, but this is not a substitute for following the statutory process and there is no indication that the referenced correspondence was part of the statutory process. Furthermore, it appears from the emails that plaintiffs did not return all the requested information that would allow a loan-modification request to be evaluated. Plaintiffs have failed to provide any evidence, or even an allegation, that they were eligible for a loan modification, and have not demonstrated any irregularity in the process caused them prejudice.[5]

And, lastly, the only remedy provided by the Michigan foreclosure-by-advertisement statute for noncompliance by the mortgage holder with the statutory loan-modification procedures is to convert the foreclosure proceeding to a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8).[6] That remedy, however, applies when the foreclosure itself is still pending. As

---

[5] Plaintiffs cite *Roller v. Fed. Nat'l Mortg. Ass'n*, No. 12–CV–11236, 2012 WL 5828625 (E.D. Mich. June 4, 2012), to argue that it was premature to dismiss the loan-modification claim before any discovery because plaintiffs had no way of knowing if they might have been eligible for a loan modification. However, the plaintiff in *Roller*, unlike plaintiffs here, contacted a housing counselor and followed the statutory loan-modification process. Her claim was that the mortgage holder failed to provide her with the calculations underpinning her denial.

[6] Mich. Comp. Laws § 3205c(8) (2011) states:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

we explained in *Smith v. Bank of America Corporation*, 485 F. App'x 749, 756 (6th Cir. 2012), "[the] statute . . . when triggered, allows plaintiffs to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure. [Plaintiffs] brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert."

### B. Capacity to Foreclose on the Mortgage

In Count III of their complaint, plaintiffs claim that Mellon never received ownership of the mortgage because the assignment of the mortgage to the Sami II Trust violated the terms of the Trust's Pooling and Service Agreement. Plaintiffs argue that the mortgage was assigned to the Trust after the Pooling and Service Agreement's defined "closing date" of the Trust, and therefore, the assignment of the mortgage was invalid. Plaintiffs seem to be attempting to claim that a violation of the securitization agreement or trust agreement negates Mellon's ownership of the debt, thereby invalidating its authority or legal capacity under the Michigan statute to foreclose on the property. However, they have not alleged that Mellon is not the rightful owner of the debt. *See* Mich. Comp. Laws § 600.3204(d).

Plaintiffs' argument is too indefinite and their claim that no "record chain of title" existed or that the statute was somehow violated lacks adequate factual basis. Mich. Comp. Laws § 600.3204.[7] Plaintiffs have not adequately demonstrated how the pooling and service agreement was violated under contract or trust law, or any federal regulation, in such a way as to compromise Mellon's ownership and capacity to foreclose under the statute. Plaintiffs have not alleged that Mellon is not the rightful owner of the debt or sufficiently alleged a defect that would defeat Mellon's ownership of the debt.

---

[7] Mich. Comp. Laws § 600.3204(3) states:
> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Furthermore, plaintiffs have not alleged that they were subject to double liability on the debt or otherwise shown any prejudice to sustain a cause of action under Michigan's foreclosure-by-advertisement statute due to any alleged defect in the assignments in the record chain of title. The purpose of a defense to the validity of an assignment is to avoid the risk that the obligor pays the same debt twice. Plaintiffs have not alleged that a party other than Mellon owns the note, so there is no risk that plaintiffs may be required to pay the same debt twice. Plaintiffs have failed to allege any prejudice to them from an allegedly improper assignment or defect somewhere along the chain of title.

Because neither of the plaintiffs' alleged irregularities in the foreclosure proceedings justifies setting aside the sheriff's sale and returning title to plaintiffs, we affirm the judgment of the district court.