NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0585n.06

No. 15-1010

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| TAREK T. THABATA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Aug 17, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | On Appeal from the United States District Court for the Eastern District of Michigan |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____/ | ) | |

**Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Plaintiff, Tarek T. Thabata, sued defendant, Bank of America, N.A., alleging foreclosure and sale of his home in violation of Michigan's statutory foreclosure requirements. The District Court granted defendant summary judgment. We affirm.

## I.

In August 2001, plaintiff received a mortgage loan from defendant's predecessor in interest. Plaintiff defaulted in January 2009. Following notice of pending foreclosure by advertisement, defendant independently granted plaintiff a conditional Trial Period

Plan requiring payment on specific dates, after which the mortgage would be eligible for permanent modification. Plaintiff's payments were untimely, and defendant denied modification. The property was sold at a sheriff's sale on March 28, 2013.

Plaintiff did not redeem the property within the six-month redemption period provided by MICH. COMP. LAWS § 600.3240(8). He instead filed the instant complaint for quiet title, which also alleged noncompliance with MICH. COMP. LAWS §§ 600.3205a-c (repealed 2013) and 600.3208, and deceptive acts and/or unfair practices. Defendant filed a motion for summary judgment, arguing that plaintiff lacked standing because the redemption period had expired, and could not show fraud or irregularity in the foreclosure process. The District Court granted defendant's motion, and denied plaintiff's motion for reconsideration.

## II.

We review *de novo* the District Court's grant of summary judgment. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504 (6th Cir. 2007). Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Although we "view the evidence and draw all reasonable inferences in favor of the non-moving party," *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir. 2013), the non-movant must "present affirmative evidence in order to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

We review the District Court's ruling on a motion for reconsideration for an abuse of discretion. *Connolly v. Deutsche Bank Nat'l. Trust Co.*, 581 Fed. App'x 500, 503 n.6 (6th Cir. 2014). Plaintiff "must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (citing E.D.Mich. LR 7.1(h)(3)).

MICH. COMP. LAWS §§ 600.3205a(1) and (2) required a foreclosing party to serve written notice on a borrower before commencing foreclosure proceedings, and to provide a list of approved housing counselors. MICH. COMP. LAWS § 600.3205c(5)(a) required a foreclosing party to provide a borrower a copy of calculations used in a mortgage modification determination requested under MICH. COMP. LAWS §§ 600.3205b and 600.3205c. MICH. COMP. LAWS § 600.3208 mandates that a foreclosing party publish weekly notice of foreclosure by sale for four weeks in a newspaper published in the county where the property is situated, and that a copy of such notice be posted "in a conspicuous place upon any part of the premises described in the notice."

A mortgagor's failure to avail themselves of the statutory right of redemption following a sheriff's sale extinguishes all of their rights in and to the property. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). Filing suit does not toll the redemption period. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). A foreclosure sale may be voided where the mortgagor shows fraud or irregularity, *id.*, resulting in prejudice, i.e.,

"that they would have been in a better position to preserve their interest in the property"

absent the foreclosing party's noncompliance with Michigan's foreclosure statute. *Kim v.*

*JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012).

**III.**

**A. Statutory Noncompliance**

In February 2010, defendant mailed plaintiff a letter notifying him of pending

foreclosure proceedings, and another letter informing him of his right to contact a

housing counselor from a provided list to request a loan modification. This notice

complied with §§ 600.3205a(1) and (2). Defendant also published notice of foreclosure

in the Washtenaw County Legal News for four successive weeks, and posted a copy of

the same to the property's front door, thereby satisfying § 600.3208. Defendant does not

dispute that it never provided plaintiff with the calculations it used to deny his mortgage

modification. However, defendant was only required to provide these calculations if

plaintiff met with a housing counselor or defendant to negotiate a mortgage modification

under § 600.3205b. *See* MICH. COMP. LAWS §§ 600.3205c(1) and 600.3205c(5).

Because plaintiff never contacted a housing counselor or otherwise requested to negotiate

a modification with defendant, defendant's failure to include calculations in its denial of a

modification following plaintiff's unsuccessful Trial Period Plan did not violate

§ 600.3205c(5). *See Attisha v. Cent. Mortg. Co.*, No. 314762, 2014 WL 3612706, at *3

(Mich. Ct. App. July 22, 2014). Plaintiff has not shown that defendant failed to comply

with Michigan's statutory foreclosure framework, and the District Court thus properly granted summary judgment to defendant.

### B. Motion for Reconsideration

Plaintiff also argues that the District Court erred in denying his motion for reconsideration, wherein he argued that he substantially performed under the Trial Period Plan and was therefore entitled to a modification. However, because the Trial Period Plan was not signed by plaintiff and defendant, it did not constitute a contract. *See Goss v. ABN AMRO Mortg. Grp.*, 549 Fed. App'x 466, 470 (6th Cir. 2003) ("In Michigan, a loan modification proposal 'd[oes] not ripen into a binding agreement' if the modification agreement bears the signature of the borrower but not the lender because such a proposal 'does not objectively reflect a meeting of the minds regarding the essential modification terms.'") (quoting *Voydanoff v. Select Portfolio Serv., Inc.*, No. 298098, 2011 WL 6757841, at *7 (Mich. Ct. App. Dec. 22, 2011)). The contract-based doctrine of substantial performance is thus inapplicable to the Trial Period Plan, as the District Court rightly held in denying reconsideration. Plaintiff accordingly has not shown a palpable defect in the District Court's opinion.

**AFFIRMED.**