*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAN IV PACKARD SQUARE, LLC,

Plaintiff-Appellee,

v

PACKARD SQUARE, LLC,

Defendant-Appellant,

and

BELDEN BRICK SALES CO., C.E. GLEESON CONSTRUCTORS, INC., CITY ELECTRIC SUPPLY COMPANY, QUANDEL CONSTRUCTION SERVICES OF MICHIGAN, INC., also known as QUANDEL CONSTRUCTION GROUP, INC., JOHN DOES 1-100, and GAYLOR ELECTRIC, INC.,

Defendants.

FOR PUBLICATION
June 18, 2019
9:20 a.m.

No. 346218
Washtenaw Circuit Court
LC No. 16-000990-CB

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant-appellant, Packard Square, LLC (Packard Square), appeals as of right a judgment of foreclosure in this action filed by plaintiff, Can IV Packard Square, LLC (Can IV), to foreclose a mortgage on a mixed-use commercial development construction project with respect to which Packard Square was the borrower and Can IV was the lender. Although Packard Square challenges the merits of the trial court's decision, we are constrained to dismiss this appeal as moot because Packard Square failed to redeem the property as provided in MCL 600.3140.

## I. PROCEDURAL HISTORY

In October 2016, Can IV filed suit against Packard Square, alleging that Packard Square was in default of a loan agreement it had with Can IV and seeking a judicial foreclosure on a mortgage securing the loan. Shortly after Can IV filed its claim, on a motion from Can IV, the trial court appointed a receiver for the property.[1] The case proceeded with discovery, and Can IV eventually moved for summary disposition, which the trial court granted on September 20, 2018. The court entered a judgment of foreclosure authorizing the sale of the property at a sheriff's sale.

The foreclosure sale was scheduled for November 15, 2018. On October 15, 2018, Packard Square filed a motion to stay the foreclosure sale and the enforcement of the foreclosure judgement entered against it. Packard Square asserted that there was good cause to grant a a stay because the trial court erred by granting summary disposition in Can IV's favor and entering a judgment of foreclosure. Packard Square also contended that a stay was warranted because the trial court failed to make any specific ruling on Packard Square's affirmative defenses and its counterclaims. Finally, Packard Square asserted that the failure to stay the proceedings "pending reconsideration and appeal" would result in "irreparable harm which will be caused should the project be sold at a Sheriff's Sale prior a final ruling . . . ." The trial court denied the motion on October 16, 2018.

Thereafter, on November 1, 2018, Packard Square filed a claim of appeal in this Court, raising challenges to the trial court's decision. On November 14, 2018—one day before the property was to be sold at the sheriff's sale—Packard Square filed a motion in this Court to stay the judicial foreclosure sale. Packard Square, however, did not file a motion for immediate consideration,[2] and the motion for a stay was denied on November 30, 2018.[3]

---

[1] In a prior appeal, Packard Square challenged the trial court order appointing a receiver for the property. This Court affirmed the trial court's decision. See *Can IV Packard Square, LLC v Packard Square, LLC*, unpublished per curiam opinion of the Court of Appeals, issued January 23, 2018 (Docket No. 335512); p 11.

[2] MCR 7.211(C)(6) provides:

> A party may file a motion for immediate consideration to expedite hearing on another motion. The motion must state facts showing why immediate consideration is required. If a copy of the motion for immediate consideration and a copy of the motion of which immediate consideration is sought are personally served under MCR 2.107(C)(1) or (2), the motions may be submitted to the court immediately on filing. If mail service is used, motions may not be submitted until the first Tuesday 7 days after the date of service, unless the party served acknowledges receipt. The trial court or tribunal record need not be requested unless it is required as to the motion of which immediate consideration is sought.

On December 18, 2018, Packard Square filed a motion in this Court to stay the effect of MCL 600.3140[4] during the pendency of its appeal or, alternatively, to expedite its appeal. Packard Square also filed a motion for immediate consideration. Packard Square, however, failed to cure defects with its December 18, 2018 motion, so this Court entered an order striking the motion.[5]

On January 15, 2019, Packard Square filed a motion to expedite its appeal, arguing that if a decision by this Court was not issued before May 15, 2019, the issues it was raising on appeal would "in essence, become moot." On January 22, 2019, this Court granted Packard Square's motion to expedite its appeal.[6]

On May 10, 2019, Packard Square filed a motion to stay transfer of the property. Packard Square noted that the statutory redemption period provided by MCL 600.3140 was set to expire on May 15, 2019, and it argued that after the redemption period expired Can IV would be free to transfer title of the property to any third party, which would result in material prejudice to Packard Square. The motion, however, was stricken by this Court because Packard Square failed to cure defects with it.[7]

## II. EXPIRATION OF REDEMPTION PERIOD

### A. STANDARD OF REVIEW

In a supplemental brief, Can IV argues that the issues raised by Packard Square on appeal are moot because the six-month redemption period in MCL 600.3140 expired on May 15, 2019. In response, Packard Square contends that it has standing to challenge the foreclosure proceedings. "The applicability of a legal doctrine, such as mootness, is a question of law which this Court reviews de novo. *TM v MZ*, 501 Mich 312, 315; 916 NW2d 473 (2018) (quotation marks, alterations, and citation omitted). And, because "Michigan Courts exist to decide actual cases and controversies," "[t]he question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 345739); slip op at 3. "[A]s a general rule, this Court will not entertain moot issues or decide moot cases." *East Grand Rapids Sch Dist v Kent Co Tax*

---

[3] *Can IV Packard Square, LLC v Packard Square, LLC*, unpublished order of the Court of Appeals, entered November 30, 2018 (Docket No. 346218).

[4] As will be discussed later in this opinion, MCL 600.3140(1) permits a mortgagor to redeem the property by paying the amount bid plus interest within 6 months of a foreclosure sale.

[5] *Can IV Packard Square, LLC v Packard Square, LLC*, unpublished order of the Court of Appeals, entered January 8, 2019 (Docket No. 346218).

[6] *Can IV Packard Square, LLC v Packard Square, LLC*, unpublished order of the Court of Appeals, entered January 22, 2019 (Docket No. 346218).

[7] *Can IV Packard Square, LLC v Packard Square, LLC*, unpublished order of the Court of Appeals, entered May 29, 2019 (Docket No. 346218).

*Allocation Bd*, 415 Mich 381, 390; 330 NW2d 7 (1982). "Whether a party has standing is a question of law subject to review de novo." *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011). Issues of statutory interpretation are also reviewed de novo. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 168; 909 NW2d 38 (2017).

## B. ANALYSIS

MCL 600.3140(1) sets forth a statutory redemption period for a mortgagor who has lost his or her property during a judicial foreclosure. It provides in relevant part:

> The mortgagor . . . may redeem the entire premises sold as ordered under section 3115 by paying, within 6 months after the sale, to the purchaser or the purchaser's personal representative or assigns, or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, the amount that was bid with interest from the date of the sale at the interest rate provided for by the mortgage. [MCL 600.3140(1).]

Also relevant to judicial foreclosures, MCL 600.3130 provides that if the property is not redeemed during the redemption period, "the deed shall become operative as to all parcels not redeemed, and shall vest in the grantee named in the deed, his heirs, or assigns all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter." This Court has not had occasion to determine whether a mortgagor's failure to redeem a property within the time limit provided by MCL 600.3140(1) results in the extinguishment of all the mortgagor's rights in and to the foreclosed property.

However, in *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), this Court held that with regard to a foreclosure by advertisement, a mortgagor's failure to avail him or herself of the right of redemption provided in MCL 600.3236 extinguishes all the mortgagor's rights in and to the property. In *Bryan*, the defendant argued that the plaintiff lacked standing to bring an action challenging a foreclosure by advertisement because the redemption period in MCL 600.3240 had expired without plaintiff attempting to redeem the property. *Id*. This Court agreed, reasoning:

> Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942).

We have reached this conclusion in a number of unpublished cases and, while unpublished cases are not precedentially binding, MCR 7.215(C)(1), we find the analysis and reasoning in each of the following cases to be compelling. Accordingly, we adopt their reasoning as our own. See *Overton v Mtg Electronic Registration Sys*, unpublished opinion per curiam of the Court of Appeals, issued May 28, 2009 (Docket No. 284950), p 2 ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity. Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.") (citation and quotation marks omitted); *Hardwick v HSBC Bank USA*, unpublished opinion per curiam of the Court of Appeals, issued July 23, 2013 (Docket No. 310191), p 2 ("Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished."); *BAC Home Loans Servicing, LP v Lundin*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 2013 (Docket No. 309048), p. 4, 2013 ("[O]nce the redemption period expired, [plaintiff's] rights in and to the property were extinguished. . . . Because [plaintiff] had no interest in the subject matter of the controversy [by virtue of MCL 600.3236], he lacked standing to assert his claims challenging the foreclosure sale."); A*wad v Gen Motors Acceptance Corp*, unpublished opinion per curiam of the Court of Appeals, issued April 24, 2012 (Docket No. 302692), pp 5-6, 2012 ("Although she filed suit before expiration of the redemption period, [plaintiff] made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Upon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing."). We hold that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim. [*Id*. at 713-715.]

On appeal, Packard Square asserts that, although *Bryan* expressly states that a mortgagor's failure to redeem the property within the redemption period results in the extinguishment of all the mortgagor's rights in and to the property, *Bryan* only address foreclosures by advertisement, whereas the foreclosure in this case is a judicial foreclosure. The distinction, however, is irrelevant under the circumstances. MCL 600.3240 sets forth the redemption period available to a mortgagor when a foreclosure by advertisement is conducted. MCL 600.3140 sets forth the redemption period available to a mortgagor when a judicial foreclosure is conducted. Significantly, both statutes allow a mortgagor to "redeem" the property by paying a requisite amount within the prescribed time limit. MCL 600.3240; MCL 600.3140. Furthermore, both statutes expressly address the consequences of a mortgagor's failure to redeem within the redemption period. With regard to foreclosures by advertisement, MCL 600.3236 provides in relevant part, "[u]nless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage,

or at any time thereafter . . . ." And, with regard to a judicial foreclosure, MCL 600.3130 provides that, "[u]nless the premises or any parcel of them are redeemed within the time limited for redemption the deed shall become operative as to all parcels not redeemed, and shall vest in the grantee named in the deed, his heirs, or assigns all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter." Comparing the statutory language in MCL 600.3130 with the language in MCL 600.3236, it is plain that the legislature intended that, in both circumstances, a mortgagor would have a set period of time to redeem the property and that the failure to do so would result in the extinguishment of the mortgagor's rights in and to the property. See *The Cadle Co v Kentwood*, 285 Mich App 240, 249; 776 NW2d 145 (2009) (stating that identical language used in various provisions of the same act should be construed identically). Accordingly, we conclude that under MCL 600.3130, if a mortgagor fails to avail itself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. See *Bryan*, 304 Mich App at 713; *Piotrowski v State Land Office Bd*, 302 Mich at 187.

Packard Square suggests that, because it held an interest in the property for over a decade, it clearly retains standing to challenge the foreclosure proceedings in this case. In support, it directs this Court to our Supreme Court's decision in *Lansing Schools Edu Ass'n v Lansing Bd of Edu*, 487 Mich 349; 792 NW2d 686 (2010). We need not address, however, whether Packard Square has standing to challenge the trial court's foreclosure decision. Although the *Bryan* Court determined that the plaintiff lacked standing to pursue her claim because the statutory expiration period had expired *before* she filed her claim, see *Bryan*, 304 Mich App at 710-711, 715, it is undisputed that in this case at the time that the action was initiated, Packard Square had an interest in the property and standing to challenge the trial court's decision to enter a judgment of foreclosure. On appeal, Can IV does not argue that Packard Square does not have standing. It instead argues that because Packard Square did not redeem the property in the six-month redemption period set forth in MCL 600.3140, pursuant to MCL 600.3130, the deed Can IV received at the sheriff's sale "become operative as to all parcels not redeemed, and shall vest in the grantee named in the deed, his heirs, or assigns all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter." In other words, Can IV argues that even if this Court were to conclude that Packard Square was entitled to relief, because all right, title, and interest Packard Square once held in the property has now vested in Can IV, there is no relief that this Court can grant Packard Square. We agree. Under MCL 600.3140 and MCL 600.3130, Packard Square's failure to redeem the property within the redemption period resulted in the extinguishment of all of Packard Square's rights in and to the property. There remains no relief that this Court can grant it on appeal, so this appeal is moot. See *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 472; 761 NW2d 846 (2008) (stating that an issue becomes moot when an event occurs that renders it impossible for the reviewing court to grant relief).

Dismissed as moot. As the prevailing party, Can IV may tax costs under MCR 7.219(A).

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly