*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT W. CASTON,

        Plaintiff,

and

LISA A. CASTON,

        Plaintiff-Appellant,

UNPUBLISHED
January 28, 2020

v

QUIK FUND INC., WELLS FARGO BANK
NATIONAL ASSOCIATION, and OCWEN
LOAN SERVICE LLC,

        Defendants,

and

EOLE LLC,

        Defendant-Appellee.

No. 345197
Wayne Circuit Court
LC No. 17-017925-CH

Before: BECKERING, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

    Plaintiff, Lisa M. Caston, appeals as of right an order granting summary disposition to defendant, Eole LLC, in this quiet title action following a mortgage foreclosure. We affirm.

# I. PERTINENT FACTS

Plaintiff and her husband, Robert W. Caston, owned the subject property located in Detroit. In 2005, they executed a mortgage in favor of Quik Fund, Inc. They eventually fell behind in the mortgage payments. In December 2016, they received an offer from the loan servicer, Ocwen Loan Service, LLC, about a request for mortgage assistance (RMA). Plaintiff alleged that, "upon information and belief," her husband attempted to utilize the RMA. In May 2017, their mortgage was assigned to Wells Fargo Bank National Association. In June 2017, a foreclosure by advertisement proceeding was initiated as set forth in MCL 600.3201 *et seq*. On June 7, 2017, the first of four notices of foreclosure was published in the Detroit Legal News. On that same date, a notice of foreclosure was posted at the property in a conspicuous place, as set forth in an affidavit of posting, and it was photographed. On July 6, 2017, a sheriff's sale was conducted and the property was sold to Wells Fargo Bank. The sheriff's deed was recorded on July 17, 2017, and the statutory redemption period would expire on January 6, 2018. On September 18, 2017, Wells Fargo Bank sold the subject property to defendant, Eole LLC.

On December 21, 2017, plaintiff and her husband, who was deceased, filed this complaint against Quik Fund, Wells Fargo Bank, Ocwen, and defendant.[1] The complaint sought to quiet title in the subject property, to set aside the sheriff's sale on the basis of a wrongful foreclosure, and to stay and toll the redemption period by means of injunctive relief. The complaint also alleged that the Real Estate Settlement Procedures Act (RESPA), 12 USC 2601 *et seq*., had been violated. The specific bases of plaintiff's claim of wrongful foreclosure were that defendant did not post notice of the foreclosure on the property as required by MCL 600.3208 and engaged in the prohibited practice of "dual tracking" by offering a loan modification (i.e., the RMA) to plaintiff while at the same time instituting foreclosure proceedings. A temporary restraining order was granted by the trial court, which tolled the redemption period until February 1, 2018. However, the trial court denied plaintiff's request for a preliminary injunction.

Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that no genuine issue of material fact existed that plaintiff lacked standing because she did not redeem the property and could not show that fraud or irregularity in the foreclosure proceeding allowed an extension of the redemption period. Plaintiff responded, arguing that she had an interest in the subject property and she could show fraud in the foreclosure proceeding because she was seeking loan modification when the sheriff sale occurred, i.e., dual-tracking occurred, and she was not properly notified about the pending foreclosure because the notice was not posted on the property.

At the hearing held on defendant's motion, the trial court noted that plaintiff presented no evidence in support of her claim that the notice of foreclosure was not properly posted on the property; rather, she relied solely on her own denial of service which was insufficient. The trial court also rejected plaintiff's claim that the RESPA was violated because she offered no specifics of any kind such as the steps taken to utilize the RMA and failed to identify the specific ways in

---

[1] Quik Fund, Wells Fargo Bank, and Ocwen were later voluntarily dismissed from the lawsuit.

-2-

which the lender violated the RESPA. Instead, plaintiff offered only vague and conclusory allegations which were insufficient to justify relief under the RESPA, and to defeat the motion for summary disposition. The court concluded that "plaintiffs have offered no factual or legal basis on which to question the legitimacy of the foreclosure proceedings under which defendant acquired title to the property." Accordingly, plaintiff's complaint was dismissed under MCR 2.116(C)(10). Plaintiff's motion for reconsideration was denied and this appeal followed.

## II. ANALYSIS

Plaintiff argues that the lender engaged in the prohibited practice of dual-tracking, and thus, the foreclosure sale should be set aside because of fraud or irregularity in the foreclosure process.[2] We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). A motion brought under MCR 2.116(C)(10) tests the factual support of a claim. *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 620; 637 NW2d 536 (2001). The moving party must identify matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The burden then shifts to the opposing party to establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. at 362-363. The nonmoving party "may not rest upon the mere allegations or denials of his or her pleading" but instead must "set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

Title to the property vests in the foreclosure-sale purchaser unless the mortgagor redeems the property during the statutory redemption period. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-715; 848 NW2d 482 (2014); see also MCL 600.3236. In other words, the mortgagor's "right, title, and interest in and to the property" is extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). When the statutory requirements for mortgage foreclosure are met, a trial court generally lacks authority to set aside a foreclosure sale except in "a strong case of fraud or irregularity, or some peculiar exigency[.]" *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) (quotation marks and citations omitted). Only fraud or irregularity related to the foreclosure proceeding itself is sufficient to set aside a foreclosure sale. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014).

In this case, plaintiff's complaint was filed on December 21, 2017, but that did not toll the running of the redemption period. The filing of a lawsuit does not toll the redemption period.

---

[2] Plaintiff also alleged that defendants violated the notice requirements of MCL 600.3208, but plaintiff has withdrawn that claim in her reply brief and so we will not consider it.

*Bryan*, 304 Mich App at 714 (citation omitted). But plaintiff alleged that fraud or irregularity occurred when the lender engaged in dual-tracking by offering an RMA to plaintiffs while simultaneously pursuing foreclosure proceedings. The RESPA generally prohibits dual-tracking. See, e.g., 12 CFR 1024.41(f)(2) and 12 CFR 1024.41(g). "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich, 2014). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Id*. (quotation marks and citation omitted). But dual-tracking violations relate to the loan modification process—not the foreclosure process—and "the only remedy for a violation of the loan modification process is a conversion of the foreclosure by advertisement into a judicial foreclosure, which must have occurred before the foreclosure by advertisement was completed." *Id*. at 585-586.

Because plaintiff was the nonmoving party of the motion for summary disposition brought under MCR 2.116(C)(10), she could not rely on mere allegations or denials in pleadings; rather, she had the burden to establish by evidentiary materials that a genuine issue of disputed fact existed. See *Quinto*, 451 Mich at 362-363. In her answer to defendant's motion for summary disposition, plaintiff alleged that she and her husband received an offer from Ocwen for an RMA concerning the mortgage and that she believed that her husband had attempted to utilize this RMA. She further claimed that Ocwen represented that there would be no foreclosure sale while their loan-modification appeal was under review, but at the same time, Ocwen proceeded with a sheriff's sale, thereby engaging in dual-tracking. But in support of her claims, plaintiff provided only a single page letter about escrow payments and five pages from a letter stating that plaintiff's husband's account may be eligible for an affordable loan-modification program. There was no indication that the attached pages had been completed and returned. This evidence was insufficient to establish either an RMA or dual-tracking. Plaintiff provided no evidence to support the claim that she or her husband had contacted Ocwen, let alone that a loan modification had been negotiated, applied for, denied, and appealed. As the trial court concluded, without further details, it could not be determined if a loan modification and plans for the foreclosure occurred simultaneously. And the lack of detail also renders it impossible to determine whether RESPA was violated.

Furthermore, even had plaintiff provided sufficient evidence to establish the existence of dual-tracking, such violations relate to the loan modification process rather than the foreclosure process. See *Kloss*, 996 F Supp 2d at 585-586. As stated above, a foreclosure sale may only be set aside on a clear showing of fraud or irregularity in the foreclosure process. *Diem*, 307 Mich App at 210-211. Thus, a dual-tracking violation would not have warranted setting aside the foreclosure sale after the expiration of the redemption period. See *Kloss*, 996 F Supp 2d at 586.

This conclusion makes it unnecessary for this Court to consider plaintiff's argument that she suffered prejudice from the alleged fraud or irregularity in the foreclosure process. However, we note that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. at 115-116. Plaintiff did not support her claim of prejudice with any specific

facts. She provided no details or supporting evidence to show that she could have successfully modified or reinstated the loan, redeemed the subject property, or otherwise preserved her interest in the property, had it not been for the alleged dual-tracking and misrepresentations. Given the lack of specifics, plaintiff failed to sufficiently show that she had been prejudiced by the alleged fraud or irregularity.

Plaintiff also claims that the trial court abused its discretion when it denied her motion for reconsideration. The sole issue raised by plaintiff in the motion for reconsideration was her claim that the issue of dual-tracking was a question of fact. She has cited no legal authority in support of this claim, nor has she explained how this would constitute a "palpable error" within the meaning of MCR 2.119(F)(3). "[T]his Court will not search for authority to support a party's position, and the failure to cite authority in support of an issue results in it being deemed abandoned on appeal." *Flint City Council v Michigan*, 253 Mich App 378, 393 n 2; 655 NW2d 604 (2002). But in any case, as discussed above, even if dual-tracking had occurred it would not have warranted setting aside the foreclosure sale after the expiration of the redemption period.

In summary, we agree with the trial court that plaintiff failed to provide sufficient evidence to establish the existence of fraud or irregularity in the foreclosure process that warranted setting aside the foreclosure sale after the expiration of the redemption period. Accordingly, defendant's motion for summary disposition was properly granted.

Affirmed.


/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens